LUBY and wife *v.* THE HUDSON RIVER RAILROAD COMPANY.

Evidence of the arrest, by a policeman, of the driver of a car which had run against and injured a woman, is not admissible in an action against the driver's employer for negligence in causing the injury.

The declaration of the driver after the accident had occurred and the car had been stopped, but before he had left it, that he could not stop the car because the brakes were out of order, is mere hearsay, and not admissible in evidence against his employer.

APPEAL from the Supreme Court.   The action was for alleged negligence in running a railroad car drawn by horses against the plaintiff Mrs. Luby, in one of the streets of New-York city.   At the trial the plaintiffs called as a witness one Mason, a policeman, and after proving by him that he was on duty near the spot where the accident occurred, and was called upon by the persons assembled around the injured woman, he was permitted, under exception by the defendant's counsel, to testify that he arrested the driver of the

car which run against Mrs. Luby.  He was also permitted, under like exception, to testify that upon arresting the driver as he was getting off the car and out of the crowd which surrounded it, he asked him why he did not stop the car, to which the driver replied that the brake was out of order.   The plaintiff had a verdict and judgment was entered thereupon, and was, upon appeal, affirmed by the Supreme Court at general term in the first district.   The defendant appealed to this court.

*Charles O'Conor*, for the appellant.

*Richard O'Gorman*, for the respondents.

COMSTOCK, J.   Mason, the police officer, was allowed to testify, against the objection of the defendant, that he arrested the driver of the car, and that the driver on being arrested assigned as a reason why he did not stop the car that the brakes were out of order.   This took place directly after the accident, the citizens having stopped the car and the driver having got outside of the crowd which had gathered about.   We think it was erroneous to receive the evidence, and that the judgment must be reversed on this ground.

First. In regard to the arrest.   That fact was irrelevant to the case, and we cannot tell what influence it may have had upon the minds of the jury.   It is true that the jury ought not to attach any importance to the circumstance in trying the issue before them, but this only proves that this fact ought not to have been shown for their consideration. It certainly has some tendency to prove that at the very time of the transaction the defendant's driver was considered by the officer and others as guilty of culpable negligence. The question of his negligence was in issue and on trial; and how far the jury were aided in their conclusion by the manner in which the driver was treated by a police officer,

or others who witnessed or were near the transaction, it is impossible for us to say. There is no pretence for saying that this evidence was necessary or proper, for the purpose of identifying the occasion. Indeed I can see no reason why the police officer was called as a witness at all, unless for the irrelevant purpose of proving the arrest and what the driver then said.

Second. The declarations of an agent or servant do not in general bind the principal. Where his acts will bind, his statements and admissions respecting the subject matter of those acts will also bind the principal, if made at the same time and so that they constitute a part of the *res gestæ.* To be admissible, they must be in the nature of original and not of hearsay evidence. They must constitute the fact to be proved, and must not be the mere admission of some other fact. They must be made, not only during the continuance of the agency, but in regard to a transaction depending at the very time. ( 1 *Greenl. Ev.,* § 13 ; *Thalheimer* v. *Brinker-hoff,* 4 *Wend.,* 396 ; *Bank of Monroe* v. *Field,* 2 *Hill,* 445 ; *Story on Agency,* §§ 135, 136 ; *Farlie* v. *Hastings,* 10 *Ves.,* 128 ; *Barker* v. *Binninger,* 4 *Kern.,* 271.)

In this case it seems to have been thought material on the part of the plaintiff to prove that the brake of the defendant's car was out of order. Whether this was or was not the direct object of introducing the declaration of the driver, such declaration at all events proved the fact, if the jury saw fit to credit his statement. But the fact, if true, could not be proved in this manner. The declaration was no part of the driver's act for which the defendants were sued. It was not made at the time of the act, so as to give it quality and character. The alleged wrong was complete, and the driver, when he made the statement, was only endeavoring to account for what he had done. He was manifestly excusing himself and throwing the blame on his principals. I do not by any means suggest that the conduct of the servant himself, as it was proved on the trial, was not so negli-

gent as to justify the verdict; but the error was in allowing the jury, if they so pleased, to regard another material fact as proved by a mere declaration of the agent—a fact which may possibly have exercised a decisive influence upon the result. What effect the jury gave to the evidence we cannot tell. I see no way of getting over this difficulty.

All the judges concurring,

Judgment reversed and new trial ordered.