ALBERT CARD, by Edson Card, his guardian, *vs.* THE NEW YORK AND HARLEM RAILROAD COMPANY.

Railroad companies have no right to run their trains upon the assumption that travelers on a highway which the railroad crosses, will always be prudent and careful. On the contrary, such companies may, very properly, presume that persons crossing the highway will frequently be negligent, and, therefore, they should, in view of such well known fact, observe the greater precaution.

They must govern themselves by the actual facts, and if they observe a drove of cows upon the railroad, whether properly or improperly, or negligently there, they should indulge in no presumptions that they are properly attended, and will be driven off in abundant season to escape collision with a railroad engine, but should exercise a degree of care and precaution proportioned to the impending danger and the probabilities of a collision.

HARVARD LAW SCHOOL LIBRARY

Card *v.* New York and Harlem Railroad Company.

Although an injury upon a railroad may have occurred by the negligence or carelessness of the owner of cattle, who has suffered them to stray upon the track, it does not follow that the railroad company are exempt from responsibility, unless they are also free from negligence contributing to the injury.

The admission of an engineer, as to an act of his while in the employ of the railroad company, made after the transaction, and after he had ceased to be the servant or agent of the company, is not binding on them.

APPEAL from a judgment entered upon the verdict of a jury, in an action to recover damages for a personal injury alleged to have been occasioned by the negligence of the defendants.

HOGEBOOM, J.  I concur with Justice LOTT in reversing the judgment in this case, and in ordering a new trial.

I do not think it was erroneous for the judge, in the light of the evidence, to refuse to charge (except in the modified manner he did charge) that ".railroad companies, in the use of their own road, have a right to presume that persons using the highway are using it in a prudent and proper manner." If it was meant by this, as I presume is the inference which the defendants wished the jury to draw, if that request to charge had been complied with, that railroad companies may run their trains upon the assumption that travelers on a highway which the railroad crosses, will always be prudent and careful, it is a proposition to which I cannot assent.  On the contrary, railroad companies may very properly presume that persons crossing the highway will frequently be negligent and therefore they should, in view of such well known fact, observe the greater precaution.  They must govern themselves by the actual facts, and if they observe a drove of cows upon the railroad, whether properly or improperly or negligently there, they should indulge in no presumptions that they are properly attended and will be driven off in abundant season to escape collision with a railroad engine, but should exercise a degree of care and precaution proportioned to the impending danger and the probabilities of a collision.

Card *v.* New York and Harlem Railroad Company.

Nor do I think, as was strenuously contended by the defendants' counsel, that the judge was called upon in view of the facts of the case, to charge in an unqualified manner that "if the jury were satisfied that the accident was occasioned by the negligence or carelessness of the owner of the cattle, they must find for the defendants." In the abstract, and in ordinary cases where there was no pretense that the cause of the injury was other than an unlawful and unperceived obstruction on the track, placed there by a third person, such a charge might be proper and would probably have been given. But in this case, the plaintiff claimed that the casualty was the result of the concurring negligence of the defendants and the owner of the cattle, and while it might, therefore, be true in a certain sense, that the injury occurred by the negligence or carelessness of the owner of the cattle, it would not follow that the defendants were exempt from responsibility unless they also were free from negligence contributing to the injury. I think the judge put the case to the jury on this point with proper qualifications and with a just protection to the rights of the plaintiff.

Nor am I disposed to order a new trial for the reason that the judge should have granted a nonsuit or dismissal of the complaint. There was *slight* evidence to go to the jury on the question of the defendants' negligence, to wit, in reference to the fact that the engineer, after reversing the engine, *let on steam again before reaching the crossing.* One witness swore to the confession of the engineer to that fact. And if it was true, it was *apparently and unexplained,* I think, an act of negligence upon which the verdict might properly be supported. But, I think, the preponderance of evidence, as well as the strong probabilities of the case, were in the opposite direction, and therefore that the verdict of the jury was against the weight of evidence. The sole proof on this subject is that of Tripp, swearing to an admission of the engineer to that effect, made to the witness in a street interview after the term of the court began, and probably after the trial had commenced. The

fact is in itself improbable, in view of the urgency of the danger and the probability of a collision. No witness pretends that any such act was seen or known to have been performed by the engineer, and both the engineer and the fireman expressly and positively deny that it was so ; and the engineer denies that he made such an admission. If the jury founded their verdict, establishing the defendants' negligence upon this proof, I think they decided against the weight of evidence.

If they founded their verdict on that point on any other proof in the case, I think there was no proof sufficient to warrant it. The plaintiff relies upon three particulars to establish negligence. (1.) That there were fifteen or sixteen cars and only four brakemen. There is no proof that this is negligence. On the contrary, there is proof that these constituted a sufficient number of brakemen to man the cars. More brakemen could, probably, have stopped the train sooner, for example, if there had been two brakes at each end of every car and a brakeman at each brake. But the true question is — and that was put to the jury — was reasonable, proper, the utmost care and skill employed ? (2.) It is claimed that the evidence of the engineer, that on nearing the crossing and seeing nothing on the track, he threw the engine in *head gear again*, establishes negligence. I think otherwise, and that upon the assumed fact that he saw nothing in the way, the act of throwing the engine *into head gear* — that is into a prosition for moving forward or backward as occasion might require — was an act of prudence and not of negligence. (3.) It is said that there was no *flagman* on that portion of the road, which had sharp curves, and that this was negligence. Not necessarily so ; it might be, or not, according to circumstances, and I think there is nothing in any opinion of any expert in the case, or in the testimony as presented on the trial, or in any view of the case which was apparently urged to the jury, which makes it probable that any such aspect of the case was pressed at the trial, or could have been properly made the foundation of the verdict.

The case that was presented was substantially this : a train passing down on the road at not immoderate speed ; a cow or drove of cows crossing the track not naturally to have been expected, discovered apparently as soon as the formation of the ground and the position of the track permitted—apparently reasonable and vigorous measures resorted to to prevent the accident, but ineffectual in fact, and hence the melancholy catastrophe. I will not say that a fuller exposition of the facts may not entitle the plaintiff to a verdict, but in my opinion the case as developed in the papers justified and required a different result.

The plaintiff insists that notwithstanding any defect of evidence on the question of negligence, he is entitled to a verdict by reason of the defendants' violation of the statute which forbids baggage, freight, merchandise or lumber cars to be placed in the rear of passenger cars in a passenger train. (3 *Edmonds' Statutes at Large*, 635, § 38.) I have grave doubts whether the plaintiff, having obtained a verdict and not having made a case or bill of exceptions, this point being ruled against him, is in a situation to insist on this point without submitting to a new trial. But I am inclined to think this was not a *passenger train* within the meaning of that section of the statute. The point is an important one and deserves careful consideration when it shall be directly presented.

The defendants are in a situation to take advantage of the point that the verdict was against the weight of evidence, because they moved for a new trial on the case. That motion though usually made and decided in quite an informal way, as was probably the case in this instance, was nevertheless properly made, and should, I think, have not been denied, but granted upon payment of the costs of the trial and subsequent proceedings up to that time. The appeal from this order was an appeal from an erroneous decision of the judge, and the costs on that appeal should abide the event of the action.

I am for a reversal of the judgment and order of the court below, and for granting a new trial upon the terms above stated.

Lott, J.   I concur with Judge Hogeboom in the above conclusion.   I am, however, of the opinion that there was no evidence that the engineer, after reversing the engine, let on steam again before reaching the crossing.   The admission of the engineer, conceding it to have been made, would not be evidence of the fact.   It was made, after the transaction, and after the witness had ceased to be the servant or agent of the company.   His declaration under such circumstances would not be binding on them.   It did not constitute a part of the *res gestœ*.   (*See Luby* v. *The Hudson River Railroad Company*, 17 *N. Y. Rep.* 131, *&c.*)

J. F. Barnard, J. dissented.

New trial granted.

[Kings General Term, December 12, 1864.   *Hogeboom, Lott* and *J. F. Barnard*, Justices.]