CHRISTOPHER R. MABLEY v. GEORGE KITTLEBERGER.

*Collision of Teams—Conversation as Res Gestae—Contributory Negligence.*

One cannot recover for an injury done his wagon by collision, if his driver's want of ordinary care contributed to produce the collision.

In an action for an injury from the negligent driving of defendant's servant, the driver's admissions of his negligence in conversations with third persons are only admissible as *res gestae* if contemporaneous with the main fact.

Where a man was sued for an injury done by his driver, it was held proper to exclude evidence that when he was called on with regard to a settlement of damages, he said it made no difference to him how the suit went,—that if it went against him his driver would have to pay the damages. This did not tend to show any recognition of liability.

In an action for injury done by negligent driving, it was held proper, on cross-examination of the driver, to exclude evidence that at the time of the injury he refused to give the name of the owner of the team he was driving. This could not have aided in fixing the liability.

Where error is assigned on the rejection of evidence that would only be admissible as *res gestae*, and the record leaves it doubtful whether it really was so, its exclusion will be presumed correct.

Error to Wayne.    Submitted Oct. 5.    Decided Oct. 16.

TRESPASS ON THE CASE for damages.    The facts are in the opinion.

*Sylvester Larned* for plaintiff in error, as to the competency as evidence of what was said by defendant's servant in conversation immediately after the collision, cited *Sullivan v. Scripture*, 3 Allen, 564; as to the requirement of ordinary care in the plaintiff, 1 Hilliard on Torts, 147, 160; *Dowell v. General, etc.*, 5 El. & B., 195; *Norris v. Litchfield*, 35 N. H., 271; *Davies v. Mann*, 10 M. & W., 546; *Tuff v. Warman*, 5 C. B. (N. S.), 573; *Daniels v. Clegg*, 28 Mich., 32; *Kennard v. Burton*, 25 Me., 39; *Chicago R. R. Co. v. Triplett*, 38 Ill., 482; *Stucke v. Milwaukee, etc., R. R. Co.*, 9 Wis., 202; *Milwaukee R. R. Co. v. Hunter*, 11 Wis. 160.

*Griffin & Dickinson* for defendant in error.    The violation of a statute *per se* gives a party injured a right of action, *Gardner v. Smith*, 7 Mich., 420; so does the violation of an ordinance, *Moody v. Osgood*, 60 Barb., 644; *Langhoff v. Milwaukee, etc., Ry. Co.*, 19 Wis., 489; *Jetter v. N. Y. & H. R. R. Co.*, 2 Keyes, 154; *Phil., etc., v. Kerr*, 25 Md., 521; Shearman & Redf. on Negligence, § 305.

MARSTON, J.　Mabley brought an action of trespass on the case for unlawfully breaking and injuring his advertising wagon.　Defendant owned a team and truck, and the claim made was that the driver had so carelessly and negligently driven this team, or permitted it to be driven by a boy, as to cause the injury charged.

The 1st, 2d and 4th assignments of error relate to the refusals of the court to permit counsel for the plaintiff to show conversations between the driver of defendant's team and third parties shortly after the injury, as evidence tending to show a recognition by the driver that his negligence caused the injury.　It does not appear with any reasonable degree of certainty how soon after the injury was done that this proposed conversation took place.　It could only be admissible as a part of the *res gestæ*, and to be admitted on that ground it should appear that the conversation occurred at or immediately after the injury.　If contemporaneous with the main fact under consideration, they would be admissible, but if made after the injury was done, and after the transaction had terminated, they would not be. *Dawson v. Hall*, 2 Mich., 390; *Lambert v. The People*, 29 Mich., 71; *Luby v. The Hudson R. R. R. Co.*, 17 N. Y., 131.　In order for us to find error it should clearly appear that the evidence offered was a part of the *res gestæ*.　It being, to say the least, doubtful, we must assume that the court ruled correctly.

The 6th and 8th assignments relate to the refusal of the court to permit counsel for plaintiff on the cross-examination of the defendant, to inquire whether when plaintiff's agent called on him about a settlement of the damages he did not say that it made no difference to him how the suit went,—that if against him the driver Wagner would have to pay it; and also to show on cross-examination of the driver Wagner that at the time of the injury he refused to give the name of the owner of the team he was driving.　The remark it was proposed to show the defendant made when plaintiff's agent called upon him, could have had no bearing in the case.　It had not the slightest tendency to show a recognition or admission by the defendant of any liability on his

part. If anything, it had a contrary tendency. Nor could the fact that the driver refused to state to whom the team belonged add to or assist in fixing a liability on the defendant.

The objection to the 12th clause of the charge of the court is not well taken. This clause, taken as a whole and standing alone, or taken in connection with the rest of the charge, in neither event is it open to the construction given it by counsel for plaintiff in error, that *any* negligence, however slight, on the part of plaintiff's driver would prevent plaintiff's recovery. Ordinary care on the part of the driver of plaintiff's team was said to be his duty, and a want of such care on his part, if it contributed to produce the collision and injury, would preclude the plaintiff from recovering. This was unquestionably correct. *Daniels v. Clegg*, 28 Mich., 32.

We do not discover any thing in the charge of which plaintiff has a right to complain, and under the finding of the jury some of the other errors assigned become immaterial.

The judgment must be affirmed with costs.

The other Justices concurred.