By the Court.—Speir, J.
The only question which the plaintiff’s appeal brings before us for review, are the exceptions taken to the refusal of the learned judge to charge as requested by the plaintiff.
The requests are as follows:
1. “Even if the jury believed plaintiff before crossing neglected to look for an approaching car, or was in any other way guilty of negligence so as to place her *480 self in peril of- injury, yet if defendant’s driver was apprised of the peril at such time that the injury might have been avoided by the exercise of reasonable care and prudence on his part, the plaintiff is entitled to a verdict.”
2. “If at any time after it became apparent to defendant’s driver that a collision was inevitable, or if, after the horses actually struck the plaintiff, the driver could have stopped the car before the front wheel struck the plaintiff’s foot, having failed to do so, the plaintiff is entitled to recover.”
The law in these cases of negligence is now well settled in this country and in England.
The first proposition is general, and to the effect, that the plaintiff in an action for damages caused by the negligence of another cannot recover, if the jury find that he himself has been guilty of negligence or want of ordinary care which contributed to cause the injury.
There is a qualification of this rule (which is as well settled as is the general rule), that the plaintiff may recover, notwithstanding his own negligence exposed him to the risk of injury, if the defendant, after becoming aware of the plaintiff’s danger, failed to use ordinary care to avoid injuring him.
The principle is stated in Wharton on Negligence, section 303: “In order to defeat the recovery of damages arising from defendant’s negligence, the plaintiff’s negligence must have been the proximate and not the remote cause of the injury ; in other words, must be its judicial cause and not merely one of its conditions.” As applied to this case, if the plaintiff was negligent by not looking with sufficient care, or, notwithstanding she saw the - car approaching, she negligently or carelessly started across the street, expecting to clear the northerly track before the car reached the westerly side of Mott street, did her negli *481 gence contributed to the injury, if the defendant’s driver, after he became aware of her danger by observing her condition and peril, could have averted the collision and the consequent injury \ It cannot be said that the remote negligence of the plaintiff would protect the defendant, whose proximate negligence was the judicial cause of her injury. The fact'that one has placed himself in a place of danger, can never be an excuse for another carelessly or recklessly injuring him. It may be said in such a case, the negligence of the plaintiff only put her in a position of danger, and was therefore only the remote cause of the injury, while the subsequently intervening negligence of the defendant was the proximate cause. The following cases and authorities may be relied upon in support of the doctrine : Davis v. Mann (10 Mees. & W. 546); Button v. Hudson River R. R. Co. (18 N. Y. 248); Austin v. New Jersey Steamboat Co. (43 N. Y. 75); Radley v. London & N. W. R. R. Co. (1 E. L. R. App. Cas. 754); Shearm. & Redf. on Neg. and cases cited in section 36 ; Steele v. Burkhardt (104 Mass. 59); Card v. Harlem R. Co. (50 Barb. 39) ; Thirteenth and Fifteenth Streets Passenger R. R. Co. v. Bondon (Sup. Court Term, Feb’ y, 1880, 10 Reporter, 156, Aug. 4, 1880.)
It appears to ns that there was a question for the jury in this case, as to whether the damage was occasioned entirely by the negligence or improper conduct of the defendant; or whether the plaintiff herself so far contributed to the misfortune by her own neglh gence or want of ordinary care and caution, that but for such negligence or want of ordinary care and caution, the misfortune would not have happened. In the first case the plaintiff would be entitled to recover, in the latter she could not, as, but for her own fault, the misfortune would not have occurred.
The contest on the trial was, whether the car could have been stopped in time by the defendant’s servant, *482 with ordinary care and precaution, to prevent the accident, when the driver discovered the plaintiff’s imperiled and crippled condition. The learned judge in his charge to the jury speaks of the testimony bearing on the point as conflicting in its character. This is apparent from all the facts and circumstances as related by the witnesses, which are brought to bear on the question in controversy—as to speed the car was going—the distance the car was from the plaintiff when ■the driver first, saw the plaintiff—the statements of both the driver and conductor conflicting with those of other witnesses in the case, and especially one witness who was on the platform at the left of the driver, who testifies “ that the driver first cried out and put the brakes down, and nearly arrested the motion of the car, and then loosened them and started on again when the horses’ heads were within eight feet of the plaintiff” ; other witnesses testifying “that this was not so, that he put the brakes down and stopped the car just as it reached the foot of the plaintiff, who was thrown by the shoulder of the near horse, and that the horses were partly wheeled round from the car.”
It is admitted that the position and dimensions of the rolls of hair which the plaintiff carried on her right shoulder, one on top of the other, were such as to obstruct both her vision and hearing on the side of the approaching car. And no witness has testified that she did or could have ascertained whether a car was aproaching from that side. Whether she did or not depends upon inferences to be drawn from other facts, which are not conclusive. So as it regards other conflicting facts as to the position óf the car and the conduct of the driver. In such a case it is the province of the jury and not of the court to find the facts and draw the inferences.
Enough appears from the case to show that the requests to charge were relevant to the testimony.
*483 The learned judge charged, “If you find from the evidence that the injuries received by the plaintiff resulted wholly or partly from her failure to observe an approaching car which she could have seen by looking, then she cannot recover, no matter how great had been the negligence of the car driver.” Again, that if the plaintiff omitted to look for the approaching car, “ before attempting to cross the street, she was guilty of contributory negligence, which defeats her right of action.” The charge comes within the general rule in regard to negligence as before defined, but it wholly omits to recognize the rule which is strictly applicable to the case in hand. This could hardly fail' to mislead the jury. The point in controversy on the trial was not in fact submitted to them, but withdrawn from their consideration by the statement, ‘ that her failure to observe the approaching car, which she could have seen by looking, she could not recover, no matter how great had been the negligence of the car driver.” It was therefore error to refuse to charge the qualification of the rule expressed in the requests to charge.
The order appealed from should be reversed and a new trial granted, with costs to abide the event.
Sedgwick. Ch. J., and Russell, J., concurred.