Pratt, J.
It is a well settled rule at circuit to grant a non-suit where the court would feel constrained to set aside a verdict if rendered for the plaintiff.
We think the plaintiff utterly failed to establish any contract of insurance between Raub, the deceased, and the defendant.
It may be assumed for the purposes of this opinion that Hirsch represented the defendant in the negotiations for insurance and that his dealings with Raub in relation to the time and manner of payment of the premium, were within the apparent scope of his authority as agent, and yet there is a signal failure to prove an executed contract of insurance. It is significant that the policy was never delivered to Raub as would have been probable if the premium had been paid or note given therefor. There is no evidence that any note was ever given for the premium.
The declaration of Hirsch that he had received a note is not evidence of the fact binding upon the defendant, for the reason it was not made to characterize any act then being performed or during the pendency of any transáction in re *574 gard to the policy. Luby v. H. R. R. R., 17 N.Y., 131,133; White v. Miller, 71 id., 135; Utter v.Forty-second Street R. R., 6 Daly, 227.
The letter written by Hirsch to Raub stating that the policy was then in force must be taken to mean that it was in force upon condition that payment of the premium was immediately made, as it is not claimed that at this time any note had been given, or cash paid.
The evidence is abundant and conclusive that no note ever was received by Hirsch.
Therefore, in the most favorable view to the plaintiff the non-suit was properly granted.
But Hirsch had no power to waive payment of the premium in cash. This is too well settled to require the citation of authorities.
Hirsch was only a district agent with limited powers and all persons dealing with him could take nothing for granted concerning his authority, but were bound to ascertain its limitations and extent. • But Raub knew that Hirsch was merely a district agent, and dealt with him as such, as appears by the letters of Hirsch addressed to Raub, and by the applications made for the insurance. Hirsch never held himself out as as a general agent of the defendant nor was he so held out by the defendant; assuming, therefore, that he took a note for the premium, it was an act outside of his authority, and the company would not be bound.
It is clear that there never was any binding contract of insurance upon the life of Raub proved upon the trial.
We have examined the other exceptions in the case, but find no errors to the prejudice of the plaintiff.
Judgment affirmed, with costs.
Barnard, P; J., and Dtkman, J., concur.