By the Court.—Freedman, P. J.
This action was brought for the recovery of damages for personal injuries alleged to have been sustained by the plaintiff in consequence of defendant’s negligence. The defendant, in substance, interposed a general denial. Upon the trial, the questions relating to plaintiff’s contributory negligence and to the alleged negligence of the defendant, were submitted to the jury and the jury found for the defendant. The verdict is not contrary to evidence, nor against the weight of the evidence, and it should not be disturbed unless a material error was committed in the course of the trial. There was no error in the admission of evidence. The only complaint made as to the exclusion of evidence relates to the exclusion of a question put by plaintiff’s counsel to a witness called on behalf of the plaintiff as to what the driver of defendant’s ice truck said to the witness in regard to the wheel running over the plaintiff. The point of time to which the -question related, was after the accident had happened. The driver’s act was then entirely finished. Any statement then made by him must necessarily have been only an admission of a fact as to an occurrence then past, and as such it was inadmissible against the defendant. True, the declarations of a servant, while engaged, in the performance of an act in the master’s service, may bind the master, especially when the intention with which the servant has acted, is a proper subject of inquiry, but this rule applies only to such declarations as are part of the res gestae. No declaration is part of the res gestae, if made after the act has been fully completed. It then matters not whether only a minute, or an hour, or a day has elapsed. Darling v. Oswego Falls Manufg. Co., 30 Hun, 276; Luby v. Hudson River R. R. Co., 17 N. Y., 131; Utter v. Forty- *115 second Str. R. R. Co., 6 Daly, 227; Packet Co. v. Clough, 20 Wall., 528; Vicksburg R. R. Co. v. O’Brien, 22 Reporter, 771. The question might have been admissible, if the inquiry had first been made of the driver on cross-examination with the view of bringing out some admission made by him inconsistent with the testimony which he gave on behalf of the defendant. But no such question had been put to the driver. The testimony was offered in the first instance as original evidence against the defendant, and as such it was inadmissible. This being so, the court properly refused to allow plaintiff’s counsel to- follow up the exception taken to the exclusion of the question by a general offer of what the counsel proposed to show.
All the issues were fully and fairly submitted to the jury. The charge, as delivered, the refusals to charge otherwise, and the responses made by the trial judge to some of the requests to charge, must all be taken together, and when they are thus considered as a whole, no error appears which calls for reversal.
The judgment and order should be affirmed, with costs.
McAdam and Gildersleeve, JJ., concurred.