BRIDGET PATTERSON, as Administratrix, etc., of MARY FLANNERY, Deceased, Appellant, *v.* ALBERT HOCHSTER, Respondent.

*Death from falling into a coal hole — contemporaneous statements by the deceased — proof required that the coal hole was open or insecure.*

In an action to recover damages resulting from the death of the plaintiff's intestate, alleged to have been caused by her falling into a coal hole in the sidewalk in front of the defendant's premises, the negligence charged was that the coal hole was either open or insecurely covered at the time of the accident. The only evidence as to the details of the accident was that given by a woman who accompanied the intestate to the sidewalk, and who testified that, upon her turning her back toward the intestate, the latter cried, "My God!" and that, upon the witness rushing to her, the intestate said, "Never mind my head; my leg is in the scuttle hole, and it is broke." No testimony was given to show that the coal hole was uncovered, or that the cover was not securely fastened at the time of the accident, and no evidence other than the declaration of the deceased was given to show that her leg had gone into or was in the hole, the witness before referred to testifying that she did not look at the hole at the time of the accident.

*Held*, that the complaint was properly dismissed;

That, while the declaration of the intestate, being descriptive of her condition and situation at the very time she made the statement, and, therefore, contem-

poraneous, was admissible as part of the *res gestæ*, it was not of itself sufficient to justify the jury in finding that the leg of the deceased had gone through the coal hole, and that the coal hole was either open or insecurely covered at the time of the accident.

*Semble*, that, if it had been proved by other evidence that the coal hole was open at the time of the accident, the declaration of the intestate that her leg was in it would be sufficient to carry the case to the jury, notwithstanding the fact that none of those present were able to see that the leg was actually in the hole.

APPEAL by the plaintiff, Bridget Patterson, as administratrix, etc., of Mary Flannery, deceased, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of New York on the 16th day of April, 1898, upon the dismissal of her complaint by direction of the court after a trial at the New York Trial Term.

This appeal was transferred from the first department to the second department.

*Nelson Smith*, for the appellant.

*Maurice Rapp*, for the respondent.

CULLEN, J.:

This action was brought to recover damages for the death of the plaintiff's intestate, resulting from an injury which is alleged to have been caused by her falling into a coal hole in the sidewalk in front of the defendant's premises. The complaint charges that the defendant maintained the coal hole open and not securely covered, and that, in consequence thereof, the plaintiff's intestate, without any fault on her part, fell into the same. The defendant answered admitting the ownership of the premises, and of the coal chute in front of the same, but denied that the coal hole was open or insecurely covered. The only evidence given on the trial as to the details of the accident was by the witness Mrs. Delaney, who was a tenant on the premises. On the occasion of the accident, the deceased came to visit the witness. About dusk the deceased left the house, the witness accompanying her to the sidewalk. From this point the testimony is: " That moment I turned around my back from her, and the first thing she screamed. She said, ' My God.' I rushed out and put my hands under her head — under her neck. She said, ' Never mind my head; my leg is in the scuttle-hole, and it is broke.'

It all happened in less than two or three minutes. Then a couple of young men passed by, and I asked them to give me a hand. These two young men came and helped me to carry her in; took her in and laid her on my bed." The deceased was soon thereafter moved to a hospital, and died about three weeks subsequent to the injury. No testimony was given to show that the coal hole was either uncovered at the time, or that the cover was not securely fastened, and no evidence other than the declaration of the deceased that her leg had gone down or was in the hole. Mrs. Delaney testifies that she did not look at the hole at the time of the accident. The evidence tends to show that the coal hole, except when used, was kept covered.

From this narration of the evidence it appears that the sole question in the case is whether the declaration of the deceased was sufficient to justify the jury in finding that the coal hole was either open or insecurely covered at the time of the accident, for this was the only charge of negligence made against the defendant. We are of opinion that the declaration of the deceased was admissible in evidence as part of the *res gestæ*, within even the most restrictive authorities. It was descriptive of her condition and situation at the very time she made the statement, and, therefore, contemporaneous. In this respect it is a stronger case than that of *Commonwealth* v. *Hackett* (2 Allen, 136), where the declaration was made after the fatal wound was inflicted and when the defendant was absent. The *Hackett* case is cited with approval in *Waldele* v. *N. Y. C. & H. R. R. R. Co.* (95 N. Y. 274). But though the declaration of the deceased was competent evidence, the question still remains whether it alone was sufficient to authorize the jury in finding the fact that the leg of the deceased had fallen through the opening of the coal hole, for I am frank to say that if the evidence was sufficient to authorize a finding of this fact, then it authorized the submission of the question of the defendant's negligence to the jury, because in such case it seems clear (or, at least, the jury might so find) that if the hole had been securely covered the plaintiff would not have fallen in it.

The admissions of declarations as part of the *res gestæ*, and the effect of such evidence, have been the subject of much conflict among the courts and among text writers. *Insurance Co.* v. *Mosley*

(8 Wall. 397) would sustain a recovery for the plaintiff based on the declaration of her intestate alone. *Louisville, New Albany & Chicago Ry. Co.* v. *Buck* (116 Ind. 566) and *Pennsylvania R. Co.* v. *Lyons* (129 Penn. St. 113) are to the same effect. But these cases are not authority in this State, and the Court of Appeals in the *Waldele Case* (*supra*) has expressly repudiated the doctrine of the *Mosley* case. The elaborate opinion delivered by Judge EARL in the *Waldele* case manifests the tendency of the courts of this State to restrict the admission of declarations as part of the *res gestæ* within narrow limits, and receive them only where their admission can be justified on principle.

Declarations admitted as part of the *res gestæ* may be divided into three classes: The *first* is where they constitute a part of the transaction itself which is sought to be proved; the *second* is where they tend to qualify, explain or characterize the acts which they accompany; the *third* is where the declarations are made at the time of the transaction, but relate solely to the acts and conduct of others. The text books and decided cases justify the admission of all these declarations on the same ground as being part of the *res gestæ.* But it is apparent that, logically and on principle, the admission of declarations of the third class must stand on a different ground from that which supports the admission of the two other classes. If a man, being wounded, calls out, "John has stabbed me," the declaration in no way qualifies or explains the act of the person who stabbed him. In reality testimony to the declaration is pure hearsay, and is admissible in evidence only upon the great improbability that the spontaneous utterance of the instant should be false. However, such declarations being received in evidence as part of the *res gestæ,* they must be subject to the same rule as applies to other declarations forming part of the *res gestæ.* In *Lund* v. *Tyngsborough* (9 Cush. 36, 42) it is said in reference to these declarations: "Such a declaration derives credit and importance as forming a part of the transaction itself, and is included in the surrounding circumstances which may always be given in evidence to the jury with the principal fact. There must be a main or principal fact or transaction; and only such declarations are admissible as grow out of the principal transaction, illustrate its character, are contemporary with it, and

derive some degree of credit from it." All the text books and authorities (except those cases already referred to which the Court of Appeals refused to follow) assume, if they do not necessarily decide, that there must be a principal fact established by other evidence before declarations can become competent as part of the *res gestœ*. I have not been able to find a case (with the exceptions noted) where the principal fact has not been proved by direct evidence. In the present case, in one sense it may be said that the principal fact or *res* was the accident to the plaintiff; but this view is erroneous. The question in the case is the liability of the defendant, and in reference to such liability the principal fact or *res* is whether the defendant left the coal hole open or improperly covered. We concede that if it was proved by other evidence that the coal hole at the time was open, then the declaration of the plaintiff's intestate that her leg was in it would be sufficient to carry the case to the jury, even if none of those present were able to see that the leg was actually in the hole. But the deceased herself may at the time have been mistaken as to what really caused her to fall. We think it would be dangerous to allow her declaration to prove a fact which, if it existed, would be in the observation of all other persons present, and to which no witness is called to testify.

The judgment appealed from should be affirmed, with costs.

Judgment unanimously affirmed, with costs.