### BURNS v. BORDEN'S CONDENSED MILK CO.

(Supreme Court, Appellate Division, Second Department.   April 29, 1904.)

1. NEGLIGENCE—EVIDENCE—PROOF—DECLARATIONS OF SERVANT.
   The fact that an injury to plaintiff's vehicle was caused by the driver of defendant's wagon could not be shown by the declaration of such driver made after the event.

Appeal from Municipal Court, Borough of Queens, First District.

Action by Martin F. Burns against Borden's Condensed Milk Company.   From a judgment for plaintiff, defendant appeals.   Reversed.

Argued before HIRSCHBERG, C. J., and BARTLETT, JENKS, WOODWARD, and HOOKER, JJ.

D. Milbank, for appellant.

B. J. Lyman, for respondent.

WILLARD BARTLETT, J.   The plaintiff was a physician, engaged in making professional visits.   Arriving at the residence of a patient, he left his horse and wagon in the street and entered the house.   Upon his return to the street about 10 minutes later he found that his buggy had been overturned and was lying on its side, with one of the hind wheels crushed.   A wagon bearing the sign "Borden's Condensed Milk" was standing near by, and a person who said he was the driver told him that this vehicle was a Borden's Condensed Milk wagon, and that he, the driver, had smashed the plaintiff's wagon; that he had waited for the plaintiff and would make a report, and that he didn't want to run away.   In the present action the plaintiff has recovered damages for the injuries thus inflicted upon his buggy.

No evidence as to the occurrence of the collision was given except the testimony of the plaintiff himself.   He did not see it, and all that he professed to know about it he ascertained from the declarations of a person who asserted that he was a driver in the service of the defendant corporation, but who was not even proved to be such.   There were objection and exception by counsel for the defendant upon the trial to the admission of the declarations of this alleged driver, and the admission of this evidence requires a reversal of the judgment. The negligence of a corporation cannot be established by the declaration of its servants made after the event.   Luby v. The Hudson River Railroad Company, 17 N. Y. 131; Whitaker v. Eighth Avenue R. R. Co., 51 N. Y. 295; Sherman v. D., L. & W. R. R. Co., 106 N. Y. 542, 13 N. E. 616.   The Luby Case was an action for negligence in running down the plaintiff by a horse car.   The plaintiff was permitted to prove, under exception, that a policeman who arrested the driver after the accident, just as he was getting off the car, asked him why he didn't stop, to which the driver replied that the brake was out of order.   The Court of Appeals held that evidence of this declaration was improperly received.   "The declaration," said Comstock, J., "was no part of the driver's act for which the defendants were sued.   It was not made at the time of the act, so as to give it quality and character.   The alleged

¶ 1. See Evidence, vol. 20, Cent. Dig. § 912.

wrong was complete, and the driver, when he made the statement, was only endeavoring to account for what he had done." The same observation might just as truly be made of the evidence in the case at bar. In Whitaker v. The Eighth Avenue Railroad Company, also above cited, the plaintiff was allowed to prove that after the defendant's car had struck him and thrown him into an excavation near the track, the driver of the car said, "Damn him, let him fall in and be killed." It did not appear whether this remark was made at the moment when the car passed the plaintiff or how long subsequently. The Commission of Appeals held that the reception of the evidence of the declaration was a fatal error, and reversed the judgment in favor of the plaintiff. "While one is engaged in an act, and the intention with which he is acting is a proper subject of inquiry, his declarations, made at the time, may be given in evidence to characterize the act"; but he pointed out that the declarations which had been proved were not shown to have been made at the time of the alleged act of negligence. The Sherman Case was to the same effect, holding that a narrative of the cause of a past occurrence is not admissible as part of the res gestæ. The phrase "res gestæ" in cases of this character implies substantial coincidence in time, "but, if declarations of third persons are not in their nature a part of the fact, they are not admissible in evidence, however closely related in point of time." Butler v. Manhattan Railway Co., 143 N. Y. 417, 423, 38 N. E. 454, 456, 26 L. R. A. 46, 42 Am. St. Rep. 738. The doctrine enunciated in the cases to which I have referred, and in scores of other decisions in this state, was plainly violated upon the trial of the present action, and we have no choice, under the circumstances, except to reverse the judgment.

The only case cited upon the brief for the respondent is Brand v. Borden's Condensed Milk Co., 89 App. Div. 188, 85 N. Y. Supp. 755. No such question as that which is presented here arose upon that appeal, and the circumstantial evidence there was ample to warrant the inference that the accident was caused by the negligence of the defendant's servant.

Judgment of the Municipal Court reversed, and new trial ordered; costs to abide the event. All concur.