### BEYER v. ISAACS et al.

(Supreme Court, Appellate Division, Second Department. April 21, 1905.)

1. APPEAL—ADMISSION OF INCOMPETENT EVIDENCE—FAILURE TO OBJECT.

　　Where an answer, a part of which was objectionable, was given by a witness to a question which did not call for the objectionable part of the answer, and no objection was made to the question until it had been answered in part, nor any motion made after the entire answer was received to strike out any part of it, nor request for an instruction to disregard it, the objectionable portion of the testimony was not cause for reversal on appeal.

2. SAME—HARMLESS ERROR.

　　Where a certain conversation had been given in evidence without objection, the subsequent admission of a substantially similar conversation occurring at a different time was harmless to defendant, where on cross-examination the same conversation was brought out twice again.

Appeal from Kings County Court.

Action by August F. Beyer against Gabriel Isaacs and others. From a judgment for plaintiff, defendants appeal. Affirmed.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, RICH, and MILLER, JJ.

Meier Steinbrink, for appellants.
Charles M. Stafford, for respondent.

HIRSCHBERG, P. J. The evidence is sufficient to justify a finding that while the plaintiff's horse and wagon, in charge of the

plaintiff's driver, were at the side of the curb in Sackett street, Brooklyn, the defendants' servant negligently drove their truck and team against the plaintiff's wagon, and occasioned the damage complained of. The case contains no certificate that all the evidence is returned. The point which has been chiefly urged by the appellants on the appeal is that the learned trial court erred in permitting the plaintiff's driver to testify that after the collision he told the defendants' driver that he (the defendants' driver) was to blame for it, to which the latter replied, "To hell with you!" It is urged that the conversation between the drivers after the accident was no part of the res gestæ, under the rule laid down in Butler v. M. R. Co., 143 N. Y. 417, 38 N. E. 454, 26 L. R. A. 46, 42 Am. St. Rep. 738, and that its admission accordingly constituted reversible error. It is further urged that the effect of the evidence was to prejudice the defendants, and necessarily to injure their cause in the estimation of the jury. It may be conceded that the evidence was not competent as a part of the act complained of, or as a declaration or admission of negligence binding the defendants. Burns v. Borden's Condensed Milk Co., 93 App. Div. 566, 87 N. Y. Supp. 883. I do not think, however, that the admission of the evidence warrants a reversal of the judgment. The objectionable part of the answer was not called for by the question which elicited it. No objection was taken to the question until it had been answered in part, at least. After the entire answer was received, no motion was made to strike out the whole or any part of it, and no request was made for instructions to the jury that they disregard it. In such circumstances, it has been often held that the remedy by appeal is unavailing. Platner v. Platner, 78 N. Y. 90, 102; Pontius v. People, 82 N. Y. 339, 347; Turner v. City of Newburgh, 109 N. Y. 301, 310, 16 N. E. 344, 4 Am. St. Rep. 453. Moreover, a similar conversation had been previously narrated by the witness without any objection on the part of the defendants; the conversation then appearing to have taken place, it is true, just before the collision. But it cannot be assumed that the defendants were prejudiced in any degree by its mere repetition, especially in view of the fact that the defendants' counsel, on subsequent cross-examination of the witness, caused him to detail the conversation in full, with all its objectionable features, twice again.

No other point presented seems to require discussion. The charge was fair, and the verdict is amply supported by the proof.

The judgment and order should be affirmed.

Judgment and order of the County Court of Kings County affirmed, with costs. All concur.