(61 Misc. Rep. 612.)

### MOORHEAD v. ECKERT.

(Supreme Court, Appellate Term. January 8, 1909.)

EVIDENCE (§ 126*)—RELEVANCY—RES GESTÆ.

    Declarations of an injured person bearing upon the cause of the accident, made after the injury, while the person is fully conscious and in no condition of distress such as would deprive them of the quality of deliberation, are self-serving and inadmissible as res gestæ.

    [Ed. Note.—For other cases, see Evidence, Cent. Dig. § 372; Dec. Dig. § 126.*]

Appeal from Municipal Court, Borough of Manhattan, Third District.

Action by Helen Moorhead against John Eckert. From a judgment for defendant, plaintiff appeals. Affirmed.

Argued before GILDERSLEEVE, P. J., and BISCHOFF and GUY, JJ.

Paul Jones, for appellant.
Carl Schurz Petrasch, for respondent.

BISCHOFF, J. The jury found a verdict for the defendant upon evidence which was quite sufficient to satisfy them that the plaintiff's claim of negligence in the maintenance of the stairs of the premises, the defective condition of which was alleged by her to have caused her to fall, was without foundation, and we find no error in the rulings upon evidence to which the appellant calls our attention.

Testimony to "an exclamation or remark" made by the plaintiff after she had fallen upon the stairs was properly excluded, since there was nothing in the record, when that testimony was offered, to justify an inference that a remark then made was spontaneous in character. From the plaintiff's own testimony it appears that she was fully conscious and in no condition of distress such as would take from her utterances the quality of deliberation. Hence any statement by her bearing upon the cause of the accident, which the question involved, would have been but a narration of past events, a self-serving declaration, and not of the character of proof admissible as part of the res gestæ. Patterson v. Hochster, 38 App. Div. 398, 401, 56 N. Y. Supp. 467.

It is contended that proof of other accidents at the same place was improperly excluded; but the question of the extent to which evidence of this character is admissible is not actually before us, since no ruling was made upon the subject, and no evidence was excluded,

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

other than the obviously irrelevant matter relating to a tenant's fall · upon some other flight of stairs.

No ground for a reversal is presented by the record before us, and we conclude that the judgment should be affirmed, with costs.

Judgment affirmed, with costs. All concur.