MARY OCHS, Respondent, *v.* FREDERICK W. KROEHLE and CHARLES J. KROEHLE, Appellants.

First Department, December 13, 1918.

**Negligence — action for injuries resulting from slipping upon ice in front of defendants' premises formed from water alleged to have been thrown upon sidewalk by defendants' janitor — evidence — res gestæ — verdict against weight of evidence.**

In an action to recover damages for an injury resulting from plaintiff's slipping upon the ice in front of the defendants' premises, upon the ground that the water forming the ice was negligently thrown upon the sidewalk by the defendants' janitor, a recovery cannot be sustained upon the evidence of a policeman that the janitor told him that he threw the water on the sidewalk, which testimony was contradicted by the direct evidence of the janitor and by two written declarations of the policeman.

The declaration of the janitor after the doing of the act was no part of the *res gestœ* and was in no way binding upon the defendants.

The judgment should, therefore, be reversed for lack of legal proof of any act of negligence on the part of the defendants, and also upon the ground that the verdict is against the weight of the evidence.

MERRELL and DOWLING, JJ., dissented, with opinion.

APPEAL by the defendants, Frederick W. Kroehle and another, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 20th day of March, 1917, upon the verdict of a jury for $10,000, and also from an order entered in said clerk's office on the same day denying defendants' motion for a new trial made upon the minutes.

*James I. Cuff*, for the appellants.

*Julian J. Raphael* of counsel [*Jacob Klein*, attorney], for the respondent.

SMITH, J.:

The action is brought to recover damages against the defendants for an injury occurring through the plaintiff's slipping upon the ice in front of the defendants' premises, the claim being that the water forming the ice was negligently thrown upon the sidewalk by the defendants' janitor. The evening was very cold, and if the water had been thrown upon the walk by the janitor it might have frozen and caused the dangerous spot upon which the plaintiff claims to have fallen.

The difficulty with the plaintiff's case lies in the fact that there is no legal proof that the janitor did in fact place this water upon the sidewalk. The only evidence to that effect is the evidence of the policeman, Hood, who swears that shortly prior to the accident he called the janitor's attention to the ice and that the janitor said that he had been cleaning the hall and went to throw the pail of water in the street and some of it went on the sidewalk. While this evidence is in the case unobjected to, nevertheless, the verdict of the jury must have some legal proof upon which to stand. This declaration of the janitor after the doing of the act, and not part of the *res gestœ*, was in no way binding upon the defendants and did not constitute legal proof as against

the defendants of the negligent act upon which the verdict of the jury was allowed to rest. The janitor upon the stand denies that he threw the water upon the walk and denies that he so stated to the policeman. The policeman, Hood, reported to the police department that the water was thrown upon the walk by someone unknown. He made an affidavit for the corporation counsel before the trial, in which he stated that he asked the janitor how the water got there and the janitor replied that he did not know. It will thus be seen that defendants have been charged in damages upon the hearsay declaration of their janitor to a witness who, twice before the trial, had made written declarations to the contrary. For lack, therefore, of any legal proof of any act of negligence on the part of defendants, as well as for the reason that the verdict is against the weight of the evidence, the judgment and order should be reversed and a new trial granted, with costs to appellants to abide the event.

CLARKE, P. J., and SHEARN, J., concurred; DOWLING and MERRELL, JJ., dissented.

MERRELL, J. (dissenting):

I think it was permissible for the plaintiff to prove the declaration of defendants' janitor that he himself had spilled the water from which the ice formed, and that the evidence of such declaration furnished substantive proof to charge defendants with responsibility for plaintiff's injuries. Such admissions are not, I apprehend, to be controlled by the rule of evidence that declarations of an employee concerning a past transaction are inadmissible to bind the master. This alleged declaration was made before the accident occurred, concerning a negligent act of the servant done while acting within the scope of his employment and which carelessness created the dangerous situation. It was so intimately connected with the accident as to become a part of the res gestæ. The declaration was concerning the act of the declarer himself. The wrongful act was the spilling of the water which caused the patch of ice, in the janitor's failing to heed the precaution suggested by the officer to put some ashes or sand upon it, and in permitting the dangerous condition to continue.

The act was certainly a negligent one for which the principals would be liable, once it was proven. The principal fact sought to be established is not the accident, but *the cause of the accident.* As was said in *Svendsen* v. *McWilliams, Inc.* (157 App. Div. 474, 478): " In the case of an accident, the accident itself is not the principal fact, for when the liability of a defendant is in question, then the principal fact is whether the defendant caused the accident." (See, also, *Patterson* v. *Hochster,* 38 App. Div. 398.)

The question here is, Who was responsible for the ice upon the pavement? Did the janitor discharge his duties negligently and thereby bind his employers? The declaration sought to be proven bore directly upon the careless act of the servant himself. As was said by FOLLETT, J., in *Lahey* v. *Ottmann & Co.* (73 Hun, 61, 64): " In case a principal is liable for the tort of his agent, statements of his agent made during the commission of the wrong are admissible as against the principal, but it is essential that the statements or admissions should be part of the transaction to which they relate." (*Waldele* v. *N. Y. C. & H. R. R. R. Co.*, 95 N. Y. 274, 280, 281.) In the leading case of *Luby* v. *Hudson River Railroad Co.* (17 N. Y. 131), COMSTOCK, J. (at p. 133), succinctly declares the law as follows: " The declarations of an agent or servant do not in general bind the principal. Where his acts will bind, his statements and admissions respecting the subject matter of those acts will also bind the principal, if made at the same time and so that they constitute a part of the *res gestæ.* To be admissible, they must be in the nature of original and not of hearsay evidence. They must constitute the fact to be proved, and must not be the mere admission of some other fact. They must be made, not only during the continuance of the agency, but in regard to a transaction depending at the very time." (Authorities cited.) (See, also, *St. Louis & S. F. Ry. Co.* v. *McLelland,* 62 Fed. Rep. 116; *Baker* v. *Gas Co.,* 157 Penn. St. 593.)

I think the admission which was proven in the case at bar stands all the tests thus declared. If the jury believed the testimony of the officer, as they evidently did, then they were justified in finding a verdict in plaintiff's favor against the defendants.

I think the judgment and order appealed from should be affirmed, with costs.

DOWLING, J., concurred.

Judgment and order reversed and new trial ordered, with costs to appellants to abide event.