FRED C. MUESSLING and Others, Appellants, *v.* GEORGE A. LEISNER and Another, Respondents.

Fourth Department, November 2, 1927.

Motor vehicles — collision — evidence — testimony of statements made by person at scene of accident inadmissible — if statement was made by driver of automobile it was not part of res gestæ — passengers in automobile not bound by statements of driver.

This action arose out of a collision between defendants' truck and an automobile being driven by, but not belonging to, one of the plaintiffs in which two other plaintiffs were riding at the time of the accident. It was prejudicial error as against the driver of the automobile to admit testimony as to statements alleged to have been made by someone present at the scene of the accident, in the absence of any evidence to show that the statements were made by the driver.

The driver of the automobile was not, as a matter of law, the agent of the other plaintiffs who were guests in the automobile, but even though it were held that he was the agent, and even though it were true that the alleged statements were made by the driver, they were not admissible as against the guests, for they did not constitute a part of the *res gestæ*, and an agent cannot bind his principal by a mere narrative of past events.

Since the driver of the automobile did not stand in the relation of agent to his guests, any statement made by him in their absence and after the event was not admissible.

SEPARATE appeals by the plaintiffs, Fred C. Muessling and others, from three judgments of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of Erie on the 2d day of June, 1926, upon the verdict of a jury, and also from orders entered in said clerk's office on the 21st day of June, 1926, denying plaintiffs' motions for a new trial made upon the minutes.

*William P. Colgan* [*E. L. Dominick* of counsel], for the appellants.

*Babcock & Sullivan* [*Philip A. Sullivan* of counsel], for the respondents.

SAWYER, J.  These actions arise out of a collision between defendants' truck and an automobile belonging to plaintiff Casimer Lohr.  Mr. Lohr is the son of plaintiffs Bruno and Mary Lohr and had loaned his machine for their accommodation to plaintiff Muessling who was driving same at the time of the accident.

Mary Lohr and Bruno Lohr jointly and Fred C. Muessling individually sue to recover for injuries suffered by them in the collision, while Casimer Lohr sues to recover for damages to his car.  The actions sound in negligence and were by stipulation tried together, each resulting in a verdict of no cause of action.  The appeals have likewise been argued together and submitted as one.

As is not unusual in cases of this character, the real dispute was whether defendants' truck collided with plaintiffs' car or plaintiffs' car collided with defendants' truck and the record discloses a sharp conflict of testimony on the subject.  Under such circumstances errors in the admission or rejection of testimony need even more than usual scrutiny lest they may have turned the scale in favor of one side or the other.  The driver of the truck testified that just before the accident he noticed plaintiffs' car coming toward him at a rapid rate of speed and " that his wheels were quivering an awful lot; the wheels were not running straight.  * * * I didn't have much time to look, but I am pretty sure there was two of them at the wheel.  It came so quick I didn't have much time.  I am pretty sure there was two of them at the wheel, and the wheels were going."

Later one August G. Truckenbrod was called as a witness for defendants and testified that he was at the scene of the accident about six o'clock P. M.; that, among others there present, he saw a man who was somewhat cut and who opened his shirt and showed a bandage around his chest, saying that he had " broken a couple of ribs in this accident; " that he heard this man say " that he was driving that car at the time of the accident.  * * *  He said he went out, his father-in-law went out to Wende; was bringing him in.  When the old man saw the big truck, he got excited and he grabbed the wheel."  That this, coupled with the statement of defendants' driver that there seemed to be two men at the wheel immediately before the accident, was of serious moment to plaintiffs is not to be gainsaid.

Due and timely objection and exception was taken by plaintiffs but the testimony was admitted on defendants' assurance that it would later be connected with plaintiff Muessling.  When the witness left the stand, plaintiffs' attorney asked to strike from the record his testimony in so far as it bore upon any interview he had with the plaintiff Muessling, which was denied, the court saying:

" Let the jury consider the evidence as it stands. If they think Muessling made that statement, they can be guided by it. If they are not satisfied with it, they may disregard it." To this counsel excepted and then asked the court to specifically charge the jury that " all of the testimony that he gave has no binding force or effect, or that it may be considered in the case of Bruno and Mary Lohr, because they were not present at the time the statement was made," and a denial of this request was duly excepted to. No further attempt to connect this interview with the plaintiffs or either of them was made and a renewal of plaintiffs' request at the close of the charge was again denied but seemingly no exception was taken. Nor do we think one was necessary. (*Gangi* v. *Fradus*, 227 N. Y. 452.)

The case went to the jury with this hearsay statement as one of its evidential facts, but entirely barren of proof as to the identity of the man by whom it was made. Indeed Mr. Truckenbrod and the witness Wagner, who was at the time with him, refused to identify Mr. Muessling as the man with whom the talk was had.

Several criticisms of this testimony, either of which is fatal, will come readily to mind:

(a) While any declaration of the witness Muessling against his own interest would be competent evidence against him, that competency entirely disappears unless it is made to appear that the statements either were made or adopted by him. This doctrine is well established and so founded in common sense and justice as to have become axiomatic.

(b) The learned trial justice submitted the action to the jury by a charge in which he held the plaintiff Muessling was, as a matter of law, the agent of the other plaintiffs. With this we do not agree, but on the assumption that it is a correct statement of the situation the evidence in question was clearly incompetent as against them.

The accident happened at from five to five-fifteen o'clock in the afternoon, so that from three-quarters of an hour to an hour had since elapsed. The statements in question cannot, therefore, upon any theory be said to have been a part of the *res gestæ*. By no stretch of the imagination can they be said to have been spontaneous utterances or exclamations. Their vice is in that, even though they be admitted to have been made by Mr. Muessling, they are but the narrative of a past transaction and thus dependent for their truth upon his reliability and veracity.

In view of the long line of authoritative decisions to the contrary, it is now too late to attempt to hold that an agent may bind his principal by a mere narrative of past events. (*Luby* v. *Hudson River Railroad Co.*, 17 N. Y. 131; *Superintendent of the Poor of Cortland County*

v. *Superintendent of the Poor of Herkimer County*, 44 id. 22; *Hamilton* v. *New York Central Railroad Co.*, 51 id. 100; *Clapper* v. *Town of Waterford*, 131 id. 382; *Butler* v. *Manhattan Railway Co.*, 143 id. 417; *Greener* v. *General Electric Co.*, 209 id. 135; *Hanrahan* v. *New York Edison Co.*, 238 id. 194; *Moore* v. *Rosenmond*, Id. 356.)

(c) Again, if plaintiffs Bruno and Mary Lohr did not stand to Mr. Muessling in the relation of principals to agent but were simply passengers in the car driven by him, it cannot be seriously urged that they are to be bound by his statements made in their absence and after the event.

From whatever standpoint the subject is considered, the rulings complained of were in error. That the testimony in the case by their force, where the other evidence is so evenly balanced, may have affected the substantial rights of plaintiffs seems certain. We may not, therefore, disregard them under the provisions of section 106 of the Civil Practice Act. (*Hanrahan* v. *New York Edison Co., supra.*)

Because of our conclusion that the admission of this testimony requires a reversal of the judgment it becomes unnecessary to discuss other alleged errors that have been called to our attention.

The judgments and orders appealed from should be reversed and new trials ordered, with costs to abide the event.

All concur. Present — HUBBS, P. J., CLARK, CROUCH, TAYLOR and SAWYER, JJ.

Judgments and orders reversed on the law and new trials granted, with costs to appellant to abide event.