MARY HALL, Respondent, v. SHELL EASTERN PETROLEUM PRODUCTS, INC., and LINCOLN WANGERIEN, Appellants.— Judgment, and order as resettled, affirmed, with costs. Even if the testimony given by the plaintiff in rebuttal be regarded

as incompetent as against Shell Eastern Petroleum Products, Inc., it was not incompetent as against the defendant driver; and when the objection was made to the testimony referred to, no distinction was pointed out by appellants' counsel as to its competency as between the two defendants. Young, Hagarty and Carswell, JJ., concur; Lazansky, P. J., and Kapper, J., dissent and vote to reverse, with the following memorandum: Error was committed at folios 488, 489 and 490 of the record. The negligence of a corporation cannot be established by the declaration of its servant made after the event, and where in an action for negligence a conversation between plaintiff and the defendant's servant who caused the accident is inadmissible as not being a part of the *res gestæ*, such evidence cannot be admitted under the guise of contradicting the testimony which the servant gave on his cross-examination. (See *Sherman* v. *D., L. & W. R. R. Co.*, 106 N. Y. 542; *Burns* v. *Borden's Condensed Milk Co.*, 93 App. Div. 566.) Nor was this highly prejudicial testimony admissible on the theory that it was competent against the defendant driver. The driver was primarily liable and a verdict against him and not against his employer would have been inconsistent and could not stand.