GRACE A. GADD, as Administratrix, etc., of RAYMOND W. GADD, Deceased, Respondent, *v.* UNIVERSAL ROAD MACHINERY COMPANY and EDWARD L. BUTLER, Appellants.

Third Department, March 4, 1942.

*Andrew J. Cook* [*Francis T. Murray* of counsel], for the appellant Universal Road Machinery Company.

*Flanagan & Kaercher* [*Chris J. Flanagan* of counsel], for the appellant Butler.

*N. Le Van Haver*, for the respondent.

BLISS, J. Plaintiff's intestate died from injuries sustained early on the morning of October 13, 1940, when a truck in which he was riding failed to negotiate a curve on a State highway. The truck was approaching the west end of a bridge leading into the city of Kingston from West Hurley. There was a slight curve to the right. From the marks in the road and the wreckage it was apparrent that the truck failed to make the curve, ran off the pavement to the left, struck the end of a concrete wall and the end of a concrete sidewalk, then veered to the right across the pavement and tipped over on its right side on the right pavement strip a short

distance on the bridge. The left rear wheel and axle housing were knocked completely off the truck and found loose on the highway. Plaintiff's intestate lay in the highway directly back of the truck after it came to rest. The defendant Butler, who was also riding in the truck at the time of the accident, was found in the truck on the right side of the seat, not in the driver's seat but down against the right door, facing toward the windshield, on his knees and with his head down along the inside of the door. There was proof that Butler had been drinking almost continuously since early in the afternoon of October twelfth. The only witness who saw the truck when it started on the fatal journey testified that Butler was asleep on the right side of the seat and that plaintiff's intestate was driving. There was a sharp issue on the trial as to Butler's condition, with the plaintiff attempting to show that he was sober and driving the truck and the defendants claiming that he was highly intoxicated and not driving. A blood analysis taken a few hours after the accident showed a high alcoholic content — much more than enough to cause complete intoxication. The great weight of the testimony supports the conclusion that he was intoxicated and that plaintiff's intestate was driving.

While Butler was in the hospital and within a few hours after the accident he was interviewed by the chief of police of the city of Kingston at the direction of the district attorney of Ulster county, who is also the plaintiff's attorney in this action. The chief of police obtained a written statement from Butler dealing with the accident as well as oral admissions to the same effect. On the trial and over the objection of the defendant Universal Road Machinery Company, by whom Butler was employed, Butler's oral and written statements thus made to the chief of police were admitted in evidence. That these statements were not competent against Butler's employer is not open to doubt (*Luby* v. *Hudson River R. R. Co.*, 17 N. Y. 131), and their reception was highly prejudicial.

The appellants also claim that the plaintiff failed to establish any negligence on the part of the operator of the truck and cite *Galbraith* v. *Busch* (267 N. Y. 230) to sustain this argument. It may be conceded that some support for appellants' contention may be found in that case. Nevertheless, we are unwilling in the absence of some positive direction to the contrary to apply it where, as here, the evidence of the operator's negligence is so overwhelming. The conclusion is irresistible that this truck was being driven at a high rate of speed and that the operator failed to keep it on the highway in rounding the curve onto the bridge. There is no proof that the steering or other mechanism of the car was in

poor condition or failed to function. And the probabilities are greatly against this possibility. (*Tesiero* v. *Kiskis*, 263 App. Div. 171.) A *prima facie* case of negligence on the part of the operator of this truck was made out and the complaint should not be dismissed on that score.

The jury by its verdict at first exonerated the employee Butler, but held his employer liable. The court ordered further deliberation and the jury then found both defendants liable.

The judgment and order should be reversed upon the law and facts and a new trial granted as to each defendant, with one bill of costs to the appellants to abide the event.

HILL, P. J., CRAPSER, SCHENCK and FOSTER, JJ., concur.

Judgment and order reversed on the law and facts and a new trial granted, with one bill of costs to the appellants to abide the event.