### NORRIS v. INTERURBAN ST. RY. CO.

(Supreme Court, Appellate Term. November 10, 1904.)

1. STREET RAILWAYS—NEGLIGENCE—EVIDENCE—DECLARATION IN NATURE OF RES GESTÆ.

In an action against a street railroad company for injuries sustained in a collision, the declaration of the motorman almost immediately after the accident that he "lost control" was not admissible as res gestæ.

Appeal from Municipal Court, Borough of Manhattan, Twelfth District.

Action by Thomas Norris against the Interurban Street Railway Company. From a judgment in favor of plaintiff, defendant appeals. Reversed.

Argued before FREEDMAN, P. J., and BISCHOFF and FITZGERALD, JJ.

Henry W. Goddard and William E. Weaver, for appellant.
John E. Connelly, for respondent.

PER CURIAM. The judgment appealed from was rendered for the plaintiff upon a verdict in his favor upon evidence which sufficiently showed the negligence of the defendant's motorman and the plaintiff's freedom from contributory negligence, without the evidence hereinafter alluded to.

The plaintiff's witness Neville was permitted to testify, against the objection of the defendant's counsel, that after the accident had happened, almost immediately after, the motorman said to him: "Let go, Bill; I couldn't help it, I lost control." The testimony was admitted, presumably upon the ground that the motorman's statement constituted a part of the res gestæ. This was error prejudicial to the defendant, for which the judgment must be reversed. The testimony alluded to involved no more than an explanation or narrative of a past occurrence.

The rule governing the admission of this class of testimony is stated in Butler v. M. Ry. Co., 143 N. Y. 417, 423, 38 N. E. 454, 456, 26 L. R. A. 46, 42 Am. St. Rep. 738, as follows:

"While proximity in point of time with the act causing the injury is in every case of this kind essential to make what was said by a third person competent evidence against another as part of the res gestæ, that alone is insufficient, unless what was said may be considered part of the principal fact, and so a part of the act itself. But as in this case the act was complete before the remark of the brakeman was made, although closely connected with it in point of time, and was not one naturally accompanying the act, or calculated to unfold its character or quality, it was not admissible as res gestæ. It was independent of the principal fact, and as incompetent as evidence as though the act and the remark had been much further separated in point of time."

See, also, Luby v. H. R. R. Co., 17 N. Y. 131; Whitaker v. Eighth Ave. R. Co., 51 N. Y. 295; Waldele v. N. Y. Cent. & H. R. R. Co., 95 N. Y. 274, 47 Am. Rep. 41.

Judgment reversed and new trial ordered, costs to appellant to abide the event.