ment that directly tended to injure the plaintiff in respect to his business, or which impaired confidence in his character or ability. The fact that a business enterprise of any character has not been successful does not directly tend to injure the party conducting the enterprise. There is nothing but lack of success charged. It is not even charged that the lack of success was the fault of the plaintiff's management or judgment. There is nothing charged against the plaintiff in relation to his profession or occupation; nothing to indicate that the lack of success was because of any fault of the plaintiff, or that his conduct of the shows had caused their lack of success. A mere statement of the publication shows that there was no charge made against the plaintiff in connection with his profession or occupation that would directly tend to injure the plaintiff or to impair confidence in his character or ability. It follows that the publication was not libelous per se, and the action can only be maintained if the publication had caused special damage.

The judgment appealed from must therefore be reversed, with costs, and the demurrer sustained, with costs, with leave to the plaintiff to amend within 20 days, upon payment of costs in this court and in the court below. All concur.

---

BRAUER v. NEW YORK CITY INTERBOROUGH RY. CO.

(Supreme Court, Appellate Division, First Department.   April 8, 1909.)

EVIDENCE (§ 123*)—RES GESTÆ—STATEMENTS AFTER ACCIDENT.

   In an action against a street car company for the death of the driver of a wagon by collision with a car, testimony of a declaration by the motorman, a few seconds after the collision, that "he bothered me all across the bridge," is not admissible as res gestæ, where the accident occurred after the car had crossed the bridge.

   [Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 351, 364, 365; Dec. Dig. § 123.*]

   Patterson, P. J., dissenting.

Appeal from Trial Term, New York County.

Action by Fannie Brauer, as administratrix of the estate of Paul Frederick Brauer, deceased, against the New York City Interborough Railway Company. From a judgment for plaintiff, and an order denying its motion for new trial, defendant appeals. Reversed.

See, also, 129 App. Div. 384, 113 N. Y. Supp. 705.

Argued before PATTERSON, P. J., and INGRAHAM, LAUGHLIN, McLAUGHLIN, and SCOTT, JJ.

Lemuel E. Quigg (Bayard H. Ames and John Montgomery, on the brief), for appellant.

Joseph Beihilf, for respondent.

LAUGHLIN, J. This is a statutory action to recover for the death of Paul Frederick Brauer, which was caused by a collision between one of the defendant's street cars, going northerly on Aqueduct avenue, in the vicinity of Featherbed Lane, in the borough of the

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Bronx, at about 7:30 o'clock in the evening on the 3d day of December, 1906, and a wagon in which the decedent was riding. It was a dark night. Decedent was traveling in the same general direction that the car was going, and he was carrying no light on his wagon, as required by ordinance of the city. At the time of the collision the decedent was either traveling along the track or was crossing it diagonally. The car was going very fast; but it had the usual headlight and lights in the interior. The decedent was killed instantly.

The questions of freedom from negligence on the part of the decedent and of negligence on the part of the defendant were close questions of fact on the evidence adduced upon the trial. An item of evidence bearing upon these questions of fact was received, over objection and exception duly interposed and taken by the defendant, which we think requires a reversal. The court received, upon the ground that it was admissible as part of the res gestæ, evidence of a declaration made by the motorman within a few seconds after the collision. A passenger, who was seated within the car, arose on hearing the motorman sound the gong just before the collision occurred, and stepped to and opened the front door, and was permitted to testify, over objection and exception of the defendant, that either within four or five seconds after the collision occurred, or after the body of the decedent was removed from under the car—the witness having testified both ways on that point—he heard the motorman say: "He bothered me all across the bridge." In any view of the testimony of the witness, the collision had taken place before he heard the motorman make this statement, and therefore it was a declaration relating to a past event. The statement of the motorman was not made in answer to a question by anybody, and it does not appear that any one save the passenger was in sight or within hearing distance. It appeared from other evidence in the case that the car had passed over a bridge within a few hundred feet of the scene of the accident, and there was evidence tending to show that a wagon was on the track ahead of the car at that point, and that the wagon in which the decedent was riding was seen upon the track ahead of the car shortly before the collision, and seen to turn off the track, and the inference from some of the evidence would be that the driver turned onto the track again. The statement of the motorman was necessarily quite damaging to the defendant. The inference that would likely be drawn from it is that the motorman felt that the decedent deserved to have the wagon in which he was riding bumped by the car on account of what had occurred before, and his statement might convey the impression that he purposely propelled his car against the wagon, maliciously, or in a spirit of revenge.

The only theory upon which the learned counsel for the respondent seeks to sustain the admissibility of this evidence is that it was an involuntary, spontaneous exclamation, under the ruling in the case of People v. Del Vermo, 192 N. Y. 470, 85 N. E. 690, and kindred cases. In order to sustain the admissibility of the evidence upon that ground, however, it is essential that the exclamation should characterize the accident and shed light upon how it happened. This exclamation does

not fall within that category. It shows what happened before, and is strictly a narrative of a past event, but does not characterize the accident itself, or show how the collision occurred. In the circumstances, the error in the reception of this evidence cannot be overlooked, for it cannot be affirmed that it was not prejudicial to the defendant.

It follows, therefore, that the judgment and order should be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur, except PATTERSON, P. J., who dissents.

