McCONNELL v. THOMAS & BUCKLEY OPERATING CO.

(Supreme Court, Appellate Division, First Department.  January 19, 1912.)

1. MASTER AND SERVANT (§ 304*)—INJURY TO THIRD PERSONS—MASTER'S LIABILITY.

An employer is liable for injuries to a third person caused by the negligence of its employé in operating a hoisting engine he was engaged to operate.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1226–1229; Dec. Dig. § 304.*]

2. MASTER AND SERVANT (§ 304*)—INJURIES TO THIRD PERSONS—ASSUMPTION OF RISK—APPLICATION OF DOCTRINE.

Where the person injured by the negligence of an employé was not in the master's employment, the doctrine of assumption of risk of the negligence of a coemployé does not apply, though the injured person worked in the same building as the negligent employé.

[Ed. Note.—For other cases, see Master and Servant, Dec. Dig. § 304.*]

3. EVIDENCE (§ 123*)—RES GESTÆ—NARRATION OF PAST EVENTS.

Plaintiff claimed to have been injured while employed in a building by the negligence of defendant's engineer in charge of a hoisting engine, in failing to promptly obey a signal to lower the elevator.  The engineer was on the street in front of the building, and, after plaintiff was injured and brought down in the elevator, he walked out to where the engineer was, and had a conversation with him, in which, as was claimed, the engineer admitted that he neglected to lower the elevator for five or six minutes after signaled to do so, and then lowered it without further signal, and expressed regrets that he caused plaintiff's injury.  Held, that the engineer's statement was a mere narration of a past event, and not a voluntary exclamation constituting a part of the res gestæ.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 351–368; Dec. Dig. § 123.*]

4. APPEAL AND ERROR (§ 1050*)—REVIEW—HARMLESS ERROR—ADMISSION OF EVIDENCE.

Error in admitting evidence of the engineer's conversation was prejudicial to defendant, requiring a new trial.

[Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 1050.*]

Appeal from Trial Term, New York County.

Action by Patrick McConnell against the Thomas & Buckley Operating Company and others.  From a judgment for plaintiff and an

order denying a motion for a new trial, defendant named appeals. Reversed, and new trial granted.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and MILLER, JJ.

Edward D. Loughman (James S. Darcy, of counsel), for appellant. Edgar J. Treacy, for respondent.

LAUGHLIN, J.   On the 21st day of July, 1906, the plaintiff was in the employ of the firm of Martin & Driscoll, mason contractors, working on a building in the course of construction at Nos. 420–422 West 116th street, and sustained personal injuries through the alleged negligence of an engineer, who was in the employ of the appellant in charge of a hod hoisting engine, in failing promptly to obey a signal to lower an elevator, which was at the ninth floor, and on which some empty barrels had been placed by one of plaintiff's fellow workmen, who then gave the signal and in acting on the signal after a lapse of time, which led the plaintiff to believe that no signal had been given to lower the elevator, and that it was safe to work about it in putting on other empty barrels to be taken down.

[1, 2] The evidence indicated, but is not entirely clear on the point, that a contract was made by the appellant by which it agreed to furnish the engine and the engineer for a gross sum, and that the engineer was in charge of the hod hoisting apparatus as a servant of the appellant which would render it liable for any negligence on his part in operating the engine, and he would not be in the employ of plaintiff's master, and the doctrine of assumption of risk of negligence on the part of a coemployé would not obtain. Genovesia v. Pelham Operating Co. et al., 130 App. Div. 200, 114 N. Y. Supp. 646.

[3, 4] At the time of the accident the plaintiff was working on the ninth floor. The engine was on the street in front of the building, and the engineer was stationed there. After the accident the plaintiff was brought down on the elevator, and, assisted by fellow workmen, walked out to where the engineer was and had a conversation with him. Over the objection that it was incompetent and exception duly interposed and taken in behalf of appellant, plaintiff was permitted to give this conversation, and in it, according to the plaintiff, the engineer admitted that he neglected to lower the elevator for five or six minutes after having been signalled so to do, and then lowered it without receiving any further signal and expressed regret that he was the cause of injury to plaintiff. This conversation was received, in effect, as an admission of negligence by the appellant through its employé, who, although a party to the action, was not represented on the trial, and the evidence was not received as against him, but as against the appellant who was defending the action. Counsel for the respondent attempts to sustain the ruling in admitting this evidence on the ground that the declaration of the engineer was admissible as part of the res gestæ. We deem it quite clear that the declaration was a narration or admission with respect to a past event, and not an involuntary exclamation or declaration constituting part of the res gestæ. Brauer v. New York City Int. Ry. Co., 131 App. Div. 682, 116 N. Y. Supp.

.59.   The evidence was most damaging to the appellant, and its erroneous admission requires a new trial.

It follows, therefore, that the judgment and order must be reversed, and a new trial granted, with costs to appellant to abide the event. All concur.