ARTHUR J. VADNEY, Respondent, *v*. UNITED TRACTION COMPANY, Appellant.

Third Department, June 30, 1919.

**Railroad — negligence — collision between electric car and sleigh — evidence — statement of motorman subsequent to injury — when question as to incompetency and inefficiency of motorman should not be submitted to jury.**

In an action against a street railway company to recover damages resulting from a collision between an electric car of the defendant and a sleigh which the plaintiff was driving it was error to admit in evidence a statement of the defendant's motorman made subsequent to the injury that he was going so fast that he could not stop the car.

Under the evidence it was also error to submit to the jury the question as to the incompetency and inefficiency of the motorman.

APPEAL by the defendant, United Traction Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Rensselaer on the 7th day of December, 1918, upon the verdict of a jury for $25,000, and also from an order entered in said clerk's office on the same day denying defendant's motion for a new trial made upon the minutes.

*John E. MacLean* [*John T. Norton* of counsel], for the appellant.

*Thomas F. Powers,* for the respondent.

LYON, J.:

This action was brought to recover damages on account of the alleged negligence of the defendant company resulting in a collision between an electric car of the defendant and the sleigh which the plaintiff was driving. The accident occurred on a bridge in the city of Rensselaer on December 24, 1917. The jury rendered a verdict for the plaintiff of $25,000.

Upon the trial the plaintiff was called as a witness in his own behalf and the following took place: " Q. Did the motorman come to where you were? A. Yes, sir, he had to back up his car to get me out from between the car and sleigh. Q. After he got you on that car, did you have a talk with him? A. Yes, sir, I said to him, ' Why didn't you stop your car.' [Objected to as incompetent. Overruled. Defendant excepted.] The witness: I said, ' My God, man, why didn't you stop your car?' He said, ' I was going so fast I couldn't stop the car.' [Defendant moved to strike out the answer as incompetent; the motorman had no authority to bind the defendant by that statement. Motion denied. Defendant excepted.]" This statement of the motorman made subsequent to the injury was inadmissible. (*Greener* v. *General Electric Co.,* 209 N. Y. 135; *Luby* v. *Hudson River R. R. Co.,* 17 id. 131; *Burns* v. *Borden's Condensed Milk Co.,* 93 App. Div. 567; *Norris* v. *Interurban St. R. Co.,* 90 N. Y. Supp. 460; *Butler* v. *Manhattan R. Co.,* 143 N. Y. 417.)

At the close of the charge defendant's counsel made the following request to charge: " I ask you to charge that the

jury has no right to find upon the evidence that the apparatus used in the operation of this car was defective and out of order. Declined. Defendant excepted." The witness Stultz, the motorman in charge of this car, testified: " Q. Were your brakes and other equipment in good order? A. Yes, sir, it was a brand new car." The witness Virgil testified that the car could be stopped with the rail in good condition in thirty-five feet. The defendant also made the following request to charge: " I ask you to charge that the jury has no right upon the evidence to find that the motorman was incompetent and inefficient. Declined. Defendant excepted." The motorman had been in the employ of the defendant company for twenty-three years. Regarding these two requests to charge, plaintiff's attorney in his brief presented on the argument says: " The conduct of the motorman immediately after the collision and his statement to the plaintiff created such a condition that it was clearly the Court's duty, under such circumstances, to submit this charge of negligence to the jury. The apparatus used in the operation of said car, as it appeared after all of the evidence was in, was in perfect working order, as testified to by the motorman; the motorman's testimony to the effect that the car could be stopped within 30 feet, and the further testimony on the part of the plaintiff and his witness, Leahey, to the effect that the car was not stopped within 30 feet, but proceeded some 50 or 75 feet after the collision, was clearly some proof of negligence, which it was the Court's duty to submit to the jury. In addition to that we have the testimony of the plaintiff to the effect that the motorman stated to him immediately after the collision, ' I was going so fast I couldn't stop the car.' " We think that at least under the evidence it was error to submit the question as to incompetency and inefficiency of the motorman to the jury.

The judgment must be reversed and a new trial granted, with costs to the appellant to abide the event.

All concurred.

Judgment and order reversed and new trial granted, with costs to appellant to abide the event.