Genaro Molino, an Infant, by Antonio Molino, His Guardian ad Litem, Respondent, *v.* The City of New York, Appellant.

First Department, March 4, 1921.

**Motor vehicles — action to recover for injuries received by being struck by auto truck — res gestæ — evidence of conduct of driver after accident not admissible on question of negligence of defendant — evidence to impeach witness.**

In an action to recover for injuries received by a child by being struck by an automobile truck, evidence that as soon as the truck stopped the driver jumped from it and started to run away and was followed for about fifty feet, caught and brought back to the scene of the accident, is not admissible on the question of the defendant's negligence; the acts of the driver were not part of the *res gestæ.*

*It seems,* that such evidence might have been admissible to impeach the driver if he had first taken the stand and testified as he did after this evidence was received, that he immediately alighted from the auto truck and went back and picked up the child.

Appeal by the defendant, The City of New York, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 3d day of May, 1920, upon the verdict of a jury for $1,800, and also from an order entered in said clerk's office on the same day denying defendant's motion to set aside the verdict and for a new trial made upon the minutes.

*Henry J. Shields* of counsel [*John F. O'Brien* and *Joseph Beihilf* with him on the brief; *John P. O'Brien, Corporation Counsel*], for the appellant.

*George J. McDonnell* of counsel [*McDonnell & Lebett*, attorneys], for the respondent.

LAUGHLIN, J.:

This is an action to recover damages for personal injuries sustained by the plaintiff, who was five years of age, at about one o'clock in the afternoon of August 24, 1918, by being struck and run over by an auto truck in the use of the department of parks, on Mulberry street, opposite No. 58 where he resided with his parents.

The evidence presented a fair question of fact with respect to whether the chauffeur in charge of the auto truck was guilty of negligence and it cannot be said that it clearly preponderated in favor of the plaintiff on that issue. Plaintiff was permitted to show over objections and exceptions duly interposed and taken by the defendant that when the auto truck stopped about fifteen feet after it struck the boy the chauffeur immediately jumped from it and started to run away and was followed a distance of about fifty feet and caught and brought back to the scene of the accident by one of the witnesses for the plaintiff. Appellant claims that the conduct of the chauffeur after bringing the truck to a stop was not part of the *res gestæ* and that the reception of the evidence constituted, in effect, an admission on the part of the chauffeur after the accident that he had been guilty of negligence, which was the essential fact upon which alone the liability of the defendant could be predicated. It is perfectly well settled that the arrest of a servant, upon whose conduct negligence is predicated, immediately after an accident or the declaration of the servant after the event does not constitute a part of the *res gestæ* and that evidence thereof is incompetent. (*Luby* v. *Hudson River R. R. Co.*, 17 N. Y. 131; *Whitaker* v. *Eighth Avenue R. R. Co.*, 51 id. 295; *Butler* v. *Manhattan R. Co.*, 143 id. 417; *Brauer* v. *New York City Interborough R. Co.*, 131 App. Div. 682; *Maisels* v. *Dry Dock, E. B. & B. St. R. R.*, 16 id. 391; *Seipp* v. *Dry Dock, E. B. & B. R. R. Co.*, 45 id. 489. See, also,

*Norris* v. *Interurban St. R. Co.*, 90 N. Y. Supp. 460; *Boltan* v. *Barrett*, 172 id. 457; *Vassar* v. *Knickerbocker Ice Co.*, 17 id. 182.) We are of opinion that on the sharp issue of fact arising on the competent evidence in the case with respect to the negligence of the defendant, it was prejudicial error to show the action of the chauffeur after the accident tending to show that he was at fault. We do not wish to be understood as holding that this evidence or part of it might not have been admissible if the chauffeur had first taken the stand and testified, as he did after this evidence was received, that he immediately alighted from the auto truck and went back and picked up the child; but its reception in that event would have been justified only on the theory that it tended to impeach his testimony and, if requested, it would have been the duty of the court to instruct the jury that it could not be deemed evidence of an admission of negligence as against the defendant. Here, however, it was received only as evidence of the defendant's negligence. If it had not been received, the chauffeur might not have been questioned on direct examination concerning what occurred after the accident and the door might not have been opened for any of this evidence by way of impeachment.

It follows that the judgment and order should be reversed and a new trial granted, with costs to appellant to abide the event.

CLARKE, P. J., SMITH, PAGE and MERRELL, JJ., concur.

Judgment and order reversed and new trial ordered, with costs to appellant to abide event.