PEARL L. GUERIN, an Infant, etc., by Her Guardian ad Litem, GEORGE E. GUERIN, Respondent, v. THE CITY OF NEW YORK, Appellant, Impleaded with Others, Defendants.— Judgment unanimously affirmed, with costs. A careful examination of this case reveals no error, except one, which we deem worthy of comment. The plaintiff's mother was permitted to testify to a conversation which she said occurred after the accident, in which she claims she interrogated the street sweeper, and he admitted that he set the fire which caused plaintiff's injuries. The admission of this testimony at that time was error. (*Page* v. *Hirsch*, 207 App. Div. 733–735; *Hanrahan* v. *New York Edison Co.*, 238 N. Y. 194–198.) The plaintiff, however, had made out a case at that time which required submission of the questions of fact to the jury. The defendant as a part of its case was required to and did call the street sweeper as a witness, and he testified that he did not set the fire in question, and denied making the statement testified to by plaintiff's mother. Upon cross-examination the plaintiff would have been entitled to ask him as to any statements made by him which tended to contradict his testimony; and, if he denied making the statement to which plaintiff's mother testified, plaintiff would have been entitled then to call her as a witness and have her testify that the sweeper made the statements to which she

testified, as a part of plaintiff's case. It is our duty under the Civil Practice Act (§ 106) to disregard the errors of the trial court, if a substantial right of a party is not affected. In this case we think that no substantial right of defendant, appellant, was affected by the admission of this testimony under the circumstances above set forth. Present — Kelly, P. J., Rich, Jaycox, Manning and Young, JJ.