FLORENCE GOLDEN, Respondent, *v.* HORN & HARDART COMPANY, INC., Appellant.*

First Department, March 22, 1935.

*H. H. Brown* of counsel [*E. C. Sherwood*, attorney], for the appellant.

*David F. Cohen* of counsel [*Edward M. Brandriss* with him on the brief; *Hirsh, Newman, Reass & Becker*, attorneys], for the respondent.

GLENNON, J. This is an appeal by the defendant from a judgment entered against it after a trial by court and jury in the Supreme Court. The action is for negligence.

Defendant operated a restaurant, commonly called an "Automat," in the basement of a building at Thirty-eighth street and Broadway, New York city. The stairway from Broadway is in two sections. The first is made up of about fourteen or fifteen steps, which lead to a landing, and the second consists of five or six steps, extending downward to a foyer or platform at the base. The steps are marble and are a light tan in color. A glass partition separates the stairs from the cafeteria.

Shortly after eleven o'clock on the morning of March 17, 1931, plaintiff entered at the street level for the purpose of taking lunch.

---

* See, also, *Cook* v. *Great Atlantic & Pacific Tea Co.* (244 App. Div. 63).

She walked down the first part of the stairway and reached the landing without any difficulty. While descending the second part, she said, " I remember distinctly I had gotten down a couple of stairs, that I know, when all of a sudden I slipped, my two feet gave from under me, and all I know is that I went down the bottom of the stairs flat on my buttocks. I mean, I didn't fall on my head or topple down. I went flat down." On cross-examination, she stated that she was not looking down, and that she did not see anything on the steps either before or after the happening of the accident.

One Irving Zirulnick, a witness called by plaintiff, testified that she was in front of him, and " After she left the landing, about the first — no, about the second or third step, I saw her feet shoot out from under her, and she kept bouncing down the steps until she landed at the bottom. I immediately rushed down. I ran down a little faster than I usually walk down the stairs when I noticed that she slipped. I noticed on the steps some liquid. I don't remember what the liquid was but it contained some liquid or other."

After the accident it appears that plaintiff was taken into a small office where she saw one Benjamin Blum, the assistant manager. Over the vigorous objection and exception of counsel for the defendant, plaintiff was permitted to testify that Blum said to a busboy, " ' I told you to look after those stairs. Now go ahead and get to it now,' or something like it, I mean." She was then asked, " Are you quoting his words or the substance of it? " Her answer was: " I cannot quote his words exactly. I mean, he told him to get around to the staircase and see and take care of them. This was immediately as I was brought into the office by the busboy and this other man who assisted me into the office; and this other man went out into the cafeteria, and he had told this boy to go right to the staircase, and he said something about taking care of them, as he had told him." She finally quoted him as saying: " I thought I told you to take care of those stairs." The purpose of this testimony was to show that the defendant had notice of the fact that there was a liquid upon some of the steps, which caused plaintiff to fall.

It was conceded by the respondent upon the argument that without this testimony the court would have been compelled to dismiss the complaint for want of any proof of negligence on the part of the defendant.

While plaintiff's version of what took place in Blum's office was strenuously denied by Blum and Hans W. Seifert, the busboy, and even though both these witnesses denied that there was any liquid upon the steps, a question of fact might have been presented for the

jury, if a real admission against the interest of the defendant had been made by a party authorized to speak.

We are of the opinion that the court erred in overruling defendant's objection, as the so-called admission, which was made after the accident, was not part of the *res gestæ*, and Blum, as assistant manager of the restaurant, had no power to bind the defendant. In *Luby* v. *Hudson River Railroad Company* (17 N. Y. 131) Judge COMSTOCK said: " The declarations of an agent or servant do not in general bind the principal. Where his acts will bind, his statements and admissions respecting the subject-matter of those acts will also bind the principal, if made at the same time and so that they constitute a part of the *res gestæ*. To be admissible, they must be in the nature of original and not of hearsay evidence. They must constitute the fact to be proved, and must not be the mere admission of some other fact. They must be made, not only during the continuance of the agency, but in regard to a transaction depending at the very time." (See, also, *Molino* v. *City of New York*, 195 App. Div. 496; *Vadney* v. *United Traction Company*, 188 id. 365.) Furthermore, what Blum was alleged to have said fell far short of indicating that he or any one in defendant's employ knew of the presence of any liquid upon the steps. There is nothing in the record to show that any of defendant's employees spilled any liquid, or that any one connected with the defendant knew of its existence. There is testimony, however, to the effect that the stairway was used on the average by about 8,000 people per day, and that it was swept down every ten minutes.

If we eliminate the so-called admission from the case, it is quite apparent that plaintiff had no cause of action against defendant, and her complaint should have been dismissed.

The judgment should be reversed, with costs, and the complaint dismissed, with costs.

MARTIN, P. J., MERRELL, TOWNLEY and UNTERMYER, JJ., concur.

Judgment reversed, with costs, and complaint dismissed, with costs.