■ HOWARD WELDNER, Appellant, v. HARVEY WHITMAN et al., Respondents.— Judgment unanimously reversed on the law and facts and a new trial granted, with costs to the appellant to abide the event. Memorandum: On a September morning before daylight plaintiff was injured when a motorcycle he was operating collided with a cow owned by defendant, Whitman. Plaintiff sustained retrograde amnesia and at the time of trial more than seven years later had no recollection of the accident. In 1958 representatives of plaintiff interviewed defendant, McDonald, at the time of the accident who was employed by defendant, Whitman, and obtained from him a statement in the form of questions and answers. Therein McDonald related that on the morning in question he was working alone; that it was "pitch dark" and he had no light; that he was starting to move 33 cows across the highway; that he saw the light of an approaching vehicle and "when I see it coming I swung around and got (the cows) back, what I could, except the first three that come through." The third cow was struck by the motorcycle and plaintiff was rendered unconscious. The trial court refused to receive this statement in evidence upon the grounds (1) that it was not a deposition taken pursuant to the provisions of the Civil Practice Act and (2) that it was the work product of plaintiff's attorney in preparing the case for trial. These rulings were erroneous. "The statements made out of court by a party-opponent are universally deemed admissible, when offered against him". (4 Wigmore, Evidence [3d ed.], §§ 1048, 1049.) The court dismissed the complaint as to both defendants at the close of plaintiff's case. A new trial is clearly required as to the defendant, McDonald, and in the interest of justice we direct a new trial as to both defendants. It is conceded that McDonald was acting at the time as the employee of Whitman. It would not follow, however, that the admissions of McDonald would be binding on his employer, Whitman. "Generally speaking, employment does not carry authority to make either declarations or admissions. In such cases, the question is one of agency and the agent's authority to make the admissions or declarations must first be shown." (Schner v. Simpson, 286 App. Div. 716, 718.) Upon a new trial there must be such proof before any admissions or declarations of McDonald may bind his employer, Whitman. (Appeal from judgment of Erie Trial Term dismissing the complaint on the merits at the close of plaintiff's case.) Present — Bastow, J., Goldman, J. P., Halpern, McClusky and Henry, JJ.

■ LINDA GASPER, as Administratrix of the Estate of DONALD GASPER, Deceased, Respondent, v. FORD MOTOR COMPANY, Defendant and Third-Party Plaintiff-Appellant. FREDERICK SEIFERT, Doing Business as MAIN WINDOW CLEANING COMPANY, Third-Party Defendant-Respondent.— Judgments and orders unanimously affirmed, with costs. (Appeal from judgment, amended judgment, order and amended order of Erie Trial Term for plaintiff against defendant Ford Co.; also in favor of third-party defendant Seifert for no cause of action, pursuant to a directed verdict after a special finding by the jury that the negligence by defendant Ford Co. was active. The order and amended order denied motions by defendant Ford Co. for a directed verdict dismissing the complaint or for a new trial, and for a directed verdict setting aside the jury's verdict as to active negligence as to the Ford Co. or for a new trial.) Present — Bastow, J., Goldman, J. P., Halpern, McClusky and Henry, JJ.