■ Bennie Stanley, as Guardian ad Litem of Bennie Stanley, Jr., an Infant, et al., Respondents, v. Surface Transit, Inc., Appellant.— Judgment for plaintiff, entered upon verdict of a jury, unanimously reversed, upon the law and the facts, and in the interests of justice, verdict vacated and new trial directed, with costs to defendant to abide the event. It was prejudicial error for the trial court to allow the police officer to testify to statements by the bus driver that he did not know what happened and that he did not see anybody. Such statements, made after the accident, were not binding on the defendant transit company. In view of the long-time experience of plaintiff's trial counsel in the trial of this type of case, we can only conclude that the offering of this incompetent testimony was a deliberate attempt to gain an improper advantage in the presentation of plaintiff's case; and we cannot overlook the error on the basis that the bus driver was later called as a witness by defendant and denied the statement. Assuming that

* Not published with other decisions of Dec. 27, 1963, 20 A D 2d 598.— [Rep.

the testimony of the officer would have been admissible in rebuttal after the laying of a proper foundation, it would have been receivable only for impeachment purposes but not as evidence of defendant's negligence, and the defendant would have been entitled to an instruction to this effect. (See *Molino* v. *City of New York,* 195 App. Div. 496; *Kraus* v. *Fifth Ave. Coach Co.,* 233 App. Div. 357.) So, in the posture of this record, and particularly in view of the paucity of the evidence to support a verdict for the plaintiff, the error may not be overlooked as nonprejudicial. (See *Molino* v. *City of New York, supra*; cf. *Guerin* v. *City of New York,* 214 App. Div. 800; *People* v. *Weldon,* 111 N. Y. 569.) Since we have concluded that this serious error requires a reversal of the judgment and a new trial, we have not deemed it necessary to consider and pass upon the defendant's other alleged points of error or the weight of the evidence to support the verdict. Concur — Breitel, J. P., Stevens, Eager, Steuer and Witmer, JJ.