Arnold L. Fein, J.
Defendant moves to set aside a jury verdict for $7,500 in favor of plaintiff Ella Weiss and to dismiss the action, notwithstanding the verdict, because of plaintiff’s failure to establish a prima facie case, or for a mistrial on the ground that the court improperly admitted certain evidence, or to reduce the verdict as excessive.
Plaintiff testified that she entered defendant’s supermarket and walked down the aisle which was free of any obstructions whatever; that she examined the contents of a refrigerator for some two or three minutes, bent down and picked up a container of milk, “straightened out” and “made a step backward”.
She further testified, ‘ ‘ When I took a step backward, my foot — 'that was the left foot — hit an object and I fell, tripped over it, and fell right back very hard. * * * Sitting position on my backside sitting on that box. * * it was a wooden milk box * * * A young man rushed over to me to help me up. * * * He ivas an employee of the store * * *. He helped me up; he pulled me up. ’ ’
In answer to questions whether there was any conversation between her and the young man, and when, she testified, over *736 objection: “ Immediately, not even a minute I imagine, because I. set down, he was in front, of me, right away in front of me, and tried to pull me up, and said — may I say? * * *. He said, ‘I’m sorry, lady’. * * * He said, ‘ I put it there. I didn’t think you were going to fall over it. I’m sorry.’ ”
The premise of defendant’s objection and of this motion is that this testimony was hearsay and not admissible because the employee’s statements were not part of the res gestae, nor spontaneous declarations, nor admissions binding on defendant corporation.
Plaintiff also testified: “ The manager came over and he asked my name. * * * ‘ I’m sorry, lady, please give me your name and address.’ ” Although defendant objected this too was hearsay, it does not press this objection on the pending-motion.
The court concurs that, if plaintiff’s testimony quoting the employee’s statements that he placed the box behind plaintiff was improperly admitted, defendant is entitled to a new trial. The argument concerning this testimony at the time of its admission was couched in terms of res gestae and admissions. It is significant that the briefs of both parties rely in large part on the same cases. As stated in Scheir v. Quirin (77 App. Div. 624, affd. 177 N. Y. 568) it is very difficult to enunciate any principle from the authorities on this subject which will fit every case. Certain it is that no clear guide to aid the Trial Judge emerges from the welter of authorities which expounds on the confusion surrounding the subject.
In Sclmer v. Simpson (286 App. Div. 716) cited by both sides, plaintiff, walking on the sidewalk, in some manner collided with one of defendant’s employees and was knocked or fell on the walk. She was permitted to testify the employee said, immediately after the accident, “I’m sorry I knocked you down but I think you will be able to get up.” Ruling that this testimony was improperly admitted, the court said (pp. 719-720): “ Measured by these requirements we conclude that the claimed spontaneous exclamation was not made under such circumstances as to justify its receipt in evidence as an exception to the hearsay rule. The words were not exclamatory but were words of apology followed by the expression of an opinion that the injured plaintiff would be able to get up. Clearly, the employer should not be here charged with responsibility for the statement of an employee that the latter thought a person, who it was subsequently discovered had a fractured leg, was able to get up.”
*737 The Appellate Division obviously was motivated by the effect of the reception of the employee’s callous statement of opinion as to the physical condition of the plaintiff after the accident, which turned out to be wrong. Whether the Appellate Division would have reversed, had the declaration merely been: “I knocked yon down ”, which was the liability issue tendered, does not appear.
In Golden v. Horn & Hardart Co. 244 App. Div. 92, affd. without opn. 270 N. Y. 544) also cited by both sides, plaintiff, who fell down a flight of steps in defendant’s restaurant, was thereafter taken to a small office where she saw the assistant manager. Plaintiff testified o’ver objection that the assistant manager then said to a busboy: “ I told you to look after those stairs. Now go ahead and get to it now ” and “ I thought I told you to take care of those stairs.”
The Appellate Division, noting that the testimony was offered to prove notice, held it was improperly admitted because (1) “ it was not part of the res gestae (2) the “ assistant manager * * * had no power to bind the defendant”; and (3) the alleged admission “fell far short of indicating” that the assistant manager “ or anyone in defendant’s employ knew of the presence of any liquid on the steps.” (Golden v. Horn & Hardart Co., 244 App. Div. 92, 94.) Whether the alleged equivocal declaration was adequate to raise an inference of negligence is doubtful. Even more doubtful is whether it would now be held improper to receive testimony as to an actual declaration of knowledge of a dangerous condition made by an assistant manager of a self-service chain store restaurant. In a markedly similar very recent case, plaintiff’s testimony, as to a similar statement by a chain store supermarket manager, was held properly admitted. (Bransfield v. Grand Union Co., 24 A D 2d 586, affd. 17 N Y 2d 474, where the dissent in both courts relied on Golden, supra.)
In Luby v. Hudson Riv. R. R. Co. (17 N. Y. 131, 133) cited by both parties and heavily relied on in Schner and Golden (both supra) the court said: “ The declarations of an agent or servant do not in general bind the principal. Where his acts will bind, his statements and admissions respecting the subject matter of those acts will also bind the principal, if made at the same time and so that they constitute a part of the res gestae. To be admissible, they must be in the nature of original and not of hearsay evidence. They must constitute the fact to be proved, and must not be the mere admission of some other fact. They must be made, not only during the continuance of the *738 agency, but in regard to a transaction depending at the very time.”
The Court of Appeals held it was improper to have permitted the police officer, who arrested defendant’s driver after the accident, to testify as to the driver’s statement that the brakes had failed. Although the case has been consistently followed and cited in cases similar to the one at bar, it is patently distinguishable. The driver there was excusing himself, sometime after the accident, attributing the accident to brake failure, not his own act. Moreover, in a recent somewhat similar case, the court enunciated the rule in terms far more pertinent here. (Swensson v. New York, Albany Despatch Co., 309 N. Y. 497.)
There plaintiff passenger testified that the deceased driver, whose estate was a coplaintiff, had stated with reference to the air brakes on the truck, “ The air was gone.” and that “ the regular brakes did not work either.” The Court of Appeals held (pp. 503-504) this was “ almost a classic example of res gestae * * * spontaneous statement in the course of, and within ten seconds of the final happening of the startling event itself, it related to the circumstances of the event, and was made before he had either time, opportunity, or inclination to fabricate.” The court ruled that these declarations were not past narrative, that they were spontaneously expressive of the employee’s personal observation and were made within such limits of time as presumably would preclude fabrication and provided direct probative evidence, material to the main issues of the lawsuit.
Much has been written concerning the distinction among statements said to be admissions, or part of the res gestae, or spontaneous exclamations, or contemporaneous declarations. It serves no useful purpose at this juncture to attempt to classify the declarations admitted here. Basically, the question is: was the out-of-court statement spontaneously made within such limits of time as presumably would preclude fabrication? It is obvious that defendant’s employee here had no reason to fabricate. It also is clear that his statement was made at a time so closely following the event itself as to be contemporaneous with or a part of it, and under such conditions or circumstances as would preclude any reason, purpose, intention or opportunity to fabricate.
It provided direct, probative evidence material to the main issues of the lawsuit.
It is beyond doubt that testimony by a third party that the employee had placed the box where plaintiff fell over it would *739 have been admissible, as would such testimony by the employee himself, had he been called as a witness by either of the parties, even though not named as a defendant.
The testimony here was not offered to prove that defendant corporation had knowledge, through its employee, that the box on which the plaintiff tripped was in a place where she was likely to fall. It was offered, rather, to prove that defendant’s employee, acting within the scope of his authority, had created the dangerous condition by placing the box immediately behind plaintiff customer while she was in the process of selecting some of the defendant’s merchandise.
The act itself was the material issue. The rule is that, when the act itself is admissible, statements made at the time explaining or elucidating and so connected with it as to constitute one transaction are admissible. (Hine v. New York El. R. R. Co., 149 N. Y. 154.) It is immaterial that the statement Avas made in response to a question, so long as it is not too far removed in time from the event to be proved. (People v. Del Vermo, 192 N. Y. 470.)
Had the employee been made a defendant, there is no doubt the testimony would have been admissible against him, although it might have required a charge to the jury so limiting the admission. (Weldner v. Whitman, 18 A D 2d 765.) In that case, an admission by the employee defendant, made long after the accident, Avas held admissible against him although the court found the employment Avas not shoAvn to be broad enough to include authority to make admissions on behalf of his employer. Similar holdings have been made in other cases. It is manifest that in most accident cases such a charge to the jury would have no practical effect because the plaintiff would be entitled to a charge that if the jury found the employee negligent and therefore liable, it would have to find his employer negligent and liable under various applicable doctrines such as the Vehicle and Traffic LaAV or similar statutes or if the act complained of Avas Avfithin the scope of the employee’s authority and iirvolved a breach of the employer’s duty.
That there Avould have been enough to go to the jury here, without the challenged testimony, provides no reason for excluding it by a narroAV application of the hearsay rule. Although the rule as here applied may provide opportunities to plaintiffs to fabricate such declarations, this has never been the ground on which the question of admissibility turned. Cross-examination of the witness is the proper' device to test credibility, not exclusion of the testimony.
*740 The motion to dismiss or set aside the verdict is denied. On the basis of the plaintiff’s testimony, confirmed by the doctor, that plaintiff’s injuries were permanent, the jury’s verdict was not excessive. All motions are denied.