Judgment, Supreme Court, Bronx County, entered May 26, 1977, in favor of defendants, affirmed, without costs or disbursements. Although no offer of proof was allowed at trial it is clear that plaintiff wished to testify about statements made by the deceased driver, Jenkins, concerning his right to take a passenger or helper, ad hoc, with him. The *698 credible evidence at trial was to the contrary, such conduct being expressly interdicted. Patently, these conversations are hearsay, and thus inadmissible unless Jenkins had authority to speak for his employer, the defendant. The admissions of an agent are not competent evidence against his principal unless they are expressly authorized or relate to and are made in connection with some act done in the course of his agency so as to form a part of the res gestae (Taylor v Commercial Bank, 174 NY 18Í, 190-191). The only manner in which it could be established that Jenkins had authority to bind the defendant was by the same conversations which were excluded. Beyond cavil, such conversations are inadmissible because the declarations of an alleged agent may not be shown for the purpose of proving the fact of agency. (Leary v Albany Brewing Co., 77 App Div 6, 9.) It is difficult to contemplate any statement of Jenkins bearing on his authority to take a passenger which would qualify as a res gestae statement. Finally, as for any statement of Jenkins at the scene, plaintiff is not a competent witness with respect thereto. He was carried unconscious from the scene. Thus, no error was committed. Concur—Kupferman, J. P., Fein and Sullivan, JJ.; Lupiano and Markewich, JJ., dissent in a memorandum by Lupiano, J., as follows: Plaintiff in this negligence action testified as follows: He was a passenger in a tractor owned by defendant Leaseway Transportation Corp. and leased to defendant Derrico Co., having been invited by the driver, Mr. Jenkins (an employee of Derrico Co.), with whom plaintiff was acquainted, to help in the hitching of a trailer to the tractor. The two men left The Bronx in the tractor and drove to New Jersey, where they hitched a trailer to the tractor. During the return trip, the driver, Jenkins, fell asleep and the tractor jumped a highway divider and struck a concrete wall. Plaintiff was severely injured and Jenkins, the driver, died before the action. At the conclusion of the jury trial, judgment was rendered in favor of the defendants nonsuiting plaintiff. Plaintiff sought to introduce into evidence statements made by Jenkins to the plaintiff at or before the happening of the accident. Upon defendants’ objection, the trial court ruled that the conversations had by plaintiff with the driver Jenkins were barred by CPLR 4519, the "dead man” statute. Plaintiff accordingly discontinued his action against Jenkins’ estate and moved to have his conversations with Jenkins admitted in evidence for the reason that the estate was no longer a party. Defendants’ objection, based on the contention that any conversation between plaintiff and the decedent would not be binding on the defendants, was sustained by the trial court without amplification. It must be noted that defendants admitted, by failing to deny, plaintiff’s allegation contained in his complaint that Jenkins was employed by defendant Derrico Co. as a driver of the tractor in question. It is clear that after plaintiff’s discontinuance against Jenkins’ estate, the bar imposed by CPLR 4519 is inapplicable (see Richardson, Evidence [10th ed], §§ 395-397, 401). Indeed, assuming there was no discontinuance against the estate and the representative of the estate testified concerning a personal transaction with the deceased, this "opens the door” to plaintiff as the adverse party who would otherwise be incompetent to testify concerning the same transaction (Potts v Mayer, 86 NY 302). This is only common sense because the purpose of the "dead man” statute is to place both parties on a plane of equality. Aside from the removal of the applicability of the "dead man” statute by virtue of the discontinuance, the equality between the remaining litigants, plaintiff on the one hand and the corporate lessor and corporate lessee of the tractor on the other—the latter being the decedent’s employer, was not observed. The trial court, over plaintiff’s objection, permitted testimony on behalf of defendants to conver *699 sations had by employees of Derrico Co. with the decedent wherein the decedent was instructed against picking up riders or helpers. Patently, the scope of Jenkins’ authority was a critical factor in determining liability. To this end defendants were permitted to induce testimony of conversations had with the deceased demonstrating that he had no authority to take on a helper. Of course, the credibility of the witnesses testifying to such transactions was for the jury. Patently, the testimonial evidence produced by defendants to the effect that the driver Jenkins was instructed by coemployees not to take on a helper or pick up a rider could not be impugned by Jenkins as he died prior to trial. Thus, the scope of Jenkins’ authority in this respect would be unassailed. Common sense dictates that under these circumstances the plaintiff should have been afforded an opportunity to demonstrate Jenkins’ agency and authority to make admissions and declarations in order to obtain equality between plaintiff and the corporate defendants, the driver Jenkins having died. Of course, as a general proposition, "employment does not carry authority to make either declarations or admissions. In such cases, the question is one of agency and the agent’s authority to make the admissions or declarations must first be shown” (Schner v Simpson, 286 App Div 716, 718). After the discontinuance, defendants based their objection to plaintiff’s testifying as to conversations had with the deceased on the ground that such utterances would not be binding on the defendants. However, how is one to know this, unless plaintiff’s testimony was first elicited for the record? In view of plaintiff’s extensive personal injuries and the policy consideration of maintaining equality between the litigants respecting conversations had with the deceased, at the very least an offer of proof on the issue of Jenkins’ authority should be afforded plaintiff at a new trial. The trial court’s charge in its marshaling of evidence emphasized the conversations wherein the deceased driver Jenkins was informed that he should not take on any riders. In light of the sustaining of objections to plaintiff’s testifying to or eliciting testimony regarding conversations with the decedent and the absence of a balanced emphasis at this point on credibility, the charge may well have tended to prejudice the plaintiff’s case. Finally, as to the statements given by decedent at the scene of the accident, the refusal to admit same without permitting full delineation as to the circumstances under which the statements were given, may have been error, as the statements might be admissible under the "res gestae” exception. "When an agent’s declaration is not receivable against his principal because made outside the scope of his authority, consideration should be given to the possibility that the declaration may be admissible under some other exception to the hearsay rule, one not dependent on the fact of agency; e.g., as a spontaneous declaration (cf. Schner v. Simpson, 286 App. Div. 716 * * *) or as a declaration against interest (cf. Tompkins v. Fonda Glove Lining Co., 188 N. Y. 261 * * *)” (Richardson, Evidence [10th ed], § 253). Accordingly, the judgment in favor of the defendants, nonsuiting the plaintiff, should be reversed, on the law, and the matter remanded for a new trial, with costs and disbursements to abide the event.
*721 Avnet, Inc., Appellant-Respondent, v American International Life Assurance Company of New York, Respondent-Appellant.